**JOHNSON COUNTY SHERIFF'S POSSE, INC., Petitioner,**

v.

**Tim ENDSLEY, Respondent.**

No. 95–0897.

Supreme Court of Texas.

Argued Dec. 13, 1995.

Decided June 28, 1996.

Rhonda Johnson Byrd, Belinda A. Vrielink, Dallas, Harry L. (Buzz) Dulick, Cleburne, Scott Patrick Stolley, Dallas, for petitioner.

Ted Hollen, Austin, for respondent.

Justice GONZALEZ delivered the opinion for a unanimous Court.

This is a premises liability case. A spectator at a barrel racing event sued the owner of the arena, who had leased the premises to the event's sponsor. The trial court granted a summary judgment to the owner of the

arena, and the court of appeals reversed. 910 S.W.2d 5. The primary inquiry is whether the lessor owed a duty to Endsley to avoid the risk that caused Endsley injuries. We conclude that it did not. For the reasons set forth below, we reverse the judgment of the court of appeals and render judgment for the owner.

The Johnson County Sheriff's Posse owns an enclosed arena that it rents to sponsors of functions such as barrel races, roping contests, dog shows, and 4–H events. For $225, the Posse orally agreed to rent the arena to Teresa McClendon and Cynthia Skinner for a single-day barrel racing competition. Ms. McClendon had leased the arena for barrel racing events on five or six other occasions. During the competition, Tim Endsley was watching the event from the bleachers. He suffered a serious eye injury when he was struck by an unknown object, presumably a rock, that was apparently kicked into the air by a horse. Endsley then sued the Posse alleging negligence and gross negligence, and he prayed for one million dollars in damages. Endsley alleged that his injury resulted from the Posse's negligence in failing to maintain the dirt floor of the arena free of rocks. Endsley also alleged that the existence of rocks on the arena floor created an unreasonably dangerous condition. The Posse moved for summary judgment on the basis that, as lessor of the premises, it owed no duty to its lessees' invitees. The trial court granted the motion, and Endsley appealed. The court of appeals reversed.

■■■ To prevail on its motion for summary judgment, the Posse was required to prove that there was no genuine issue as to any material fact and that it was entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); *see* TEX.R.CIV.P. 166a(c). When we review a summary judgment, we accept as true all evidence favoring the nonmovant, indulging every reasonable inference and resolving all doubts in the nonmovant's favor. *Nixon*, 690 S.W.2d at 549. As the defendant, the Posse was entitled to summary judgment only if it conclusively negated at least one element of Endsley's cause of action or conclusively established all of the elements of an affirmative defense. *Cathey v. Booth*, 900 S.W.2d 339, 341 (Tex.1995). The Posse contends that the trial court properly rendered summary judgment because its summary judgment proof negated an essential element of Endsley's cause of action, the existence of any duty owed by the Posse. We agree.

■■■ A lessor generally has no duty to tenants or their invitees for dangerous conditions on the leased premises. *Brownsville Navigation Dist. v. Izaguirre*, 829 S.W.2d 159, 160 (Tex.1992) (citing RESTATEMENT (SECOND) OF TORTS § 356 (1965)). This general rule stems from the notion that a lessor relinquishes possession or occupancy of the premises to the lessee. *See* RESTATEMENT (SECOND) OF TORTS § 356 cmt. a (1965). We have, however, recognized several exceptions to the general rule. For example, a lessor who makes repairs may be liable for injuries resulting from the lessor's negligence in making the repairs. *See Flynn v. Pan Am. Hotel Co.*, 143 Tex. 219, 183 S.W.2d 446, 448 (1944); *see also* RESTATEMENT (SECOND) OF TORTS § 357 (1965). A lessor who conceals defects on the leased premises of which the lessor is aware may also be liable. *See Morton v. Burton–Lingo Co.*, 136 Tex. 263, 150 S.W.2d 239, 240 (App.1941); *see also* RESTATEMENT (SECOND) OF TORTS § 358 (1965). In addition, a lessor may be liable for injuries caused by a defect on a portion of premises that remain under the lessor's control. *See Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 514–15 (Tex.1978); *see also* RESTATEMENT (SECOND) OF TORTS §§ 360, 361 (1965).

The Posse presented summary judgment proof that it leased the premises to the lessees without a right of re-entry, and that the lessees were in possession of the arena at the time of the accident. Thus, unless contradicted by Endsley's response to the Posse's motion for summary judgment, the Posse's proof brings the case within the general rule of non-liability under Section 356 of the *Restatement*. Endsley responded that the Posse had retained the right of control over the composition of the dirt in the arena.

Concerning the right of control, the parties relied on affidavits and deposition excerpts from a member of the Posse, Tom Frank

Jones, and one of the tenants, McClendon. The uncontradicted evidence shows that the Posse had a policy requiring the tenants to maintain and prepare the arena grounds for their particular event. The Posse had a water truck, a tractor, a harrow, and other equipment available, but did not instruct the tenants on the preparation of the arena grounds. On occasion, a Posse member helped with the water truck or helped start the tractor, but did not otherwise help with the preparation of the arena. Jones testified that the same dirt was in the arena as when it was built several years before. When asked if the tenants bring their own dirt, he replied:

> No. The same dirt stays in there. We furnish the tractor for them to prepare it with. They prepare it like they want it. In other words, if they have [a] barrel race, they want the arena prepared one way; if they have team roping, they want it prepared another way; if they have a dog show in there, they'll want the ground prepared another way, therefore, we let the people we rent it to prepare it like they want it and when they get through with it they leave it just like they got through with it.

Evidence that tenants had never brought their own dirt does not create an issue of fact concerning the tenants' right of control over the arena. No witness testified that there was any limitation on the tenant's control of the arena. Resolving every reasonable inference in favor of Endsley, there is no evidence raising an issue of fact that the Posse retained a right of control over any part of the premises during the period of the tenancy. The Posse yielded control of the premises to the lessees, and it was up to them to prepare the arena to fit their needs. As the court of appeals acknowledged, it was

> uncontroverted that, once the lessees took possession of the arena ... they were solely responsible for preparing the dirt in the manner they saw fit for the barrel races. The dirt used in dog shows, barrel races, and roping contests is prepared differently according to the nature of the

event and the particular preferences of the event's director.

910 S.W.2d at 7.

■ The court of appeals did not decide whether there was an issue of fact concerning the Posse's control under sections 360 and 361 of the *Restatement*. Instead, the court held that another limited exception to the general rule of a lessor's non-liability, not previously recognized by any Texas court, applied under the facts of this case. Under that exception, set out in section 359 of the *Restatement*, a lessor may be liable when the premises are leased for purposes involving admission of the public, and the lessor has reason to expect that the lessee will admit the public without correcting an unreasonably dangerous situation. It provides:

> [a] lessor who leases land for a purpose which involves the admission of the public is subject to liability for physical harm caused to persons who enter the land for that purpose by a condition of the land existing when the lessee takes possession, if the lessor
>
> (a) knows or by the exercise of reasonable care could discover that the condition involves an unreasonable risk of harm to such persons, and
>
> (b) has reason to expect that the lessee will admit them before the land is put in safe condition for their reception, and
>
> (c) fails to exercise reasonable care to discover or to remedy the condition, or otherwise to protect such persons against it.

RESTATEMENT (SECOND) OF TORTS § 359 (1965).

Although neither party briefed whether Section 359 applied, the court of appeals concluded there was a question of fact concerning subsection (c). We reserve for another day whether we will adopt section 359 of the Restatement. We conclude that, even if we were to adopt that section, there is no issue of fact because, as a matter of law, a small rock or clod in rodeo arena dirt is not an unreasonably dangerous condition.

Section 359 applies only when the lessor is aware of an unreasonable risk of harm to members of the public. Endsley presented

the affidavit of Clem McSpadden, a general manager, producer, and announcer for rodeos, who testified that anyone furnishing a rodeo arena with any rocks in the dirt is "derelict in his duty" because a rock can be propelled at great speed, causing injury to contestants, animals, and spectators. Endsley testified that he was "pretty certain" he was hit by a rock, and saw some rocks underneath the bleachers where he was sitting. Posse member Jones testified that he had seen rocks in the arena dirt "thumbnail" size or smaller.

In *Brownsville Navigation District,* a worker was killed when a trailer shifted in mud and fell over. His representatives sued the lessor of the premises, alleging that the ground itself was a dangerous condition which killed the worker. After noting that there was nothing to distinguish the landlord's ground from "plain dirt which ordinarily becomes soft and muddy when wet," the Court held that the condition of the landlord's premises was "not a condition 'which involves unreasonable risk of physical harm to persons on land.'" *Brownsville Navigation Dist.,* 829 S.W.2d at 160–61. The same may be said for dirt that contains small rocks. Endsley's theory is that the Posse should have made the dirt "rock free," or in other words, safer than ordinary dirt. The natural state of dirt, that it may be slippery when wet or may contain small rocks, can present a hazard under the right conditions, but not unreasonably so. Otherwise, a landlord would be an insurer against all injury to a tenant's lessees. Under the facts of this case, dirt containing small rocks is not an unreasonably dangerous condition for which a landlord may be held liable as a matter of law.

Upon consideration of the summary judgment evidence, we conclude that there is no basis for holding the lessor liable under the undisputed facts of this case. We reverse the judgment of the court of appeals and render judgment that Endsley take nothing from the Posse.