Adera K. Kidwell v. John D. Moody, Jr., et al., Co-Executors in the Estate of John Drummond Moody, Deceased
















IN THE
TENTH COURT OF APPEALS
 

No. 10-97-290-CV

     ADERA K. KIDWELL,
                                                                              Appellant
     v.

     JOHN D. MOODY, JR., ET AL.,
     CO-EXECUTORS IN THE ESTATE OF
     JOHN DRUMMOND MOODY, DECEASED,
                                                                              Appellees
 

From the County Court at Law No. 2
Brazos County, Texas
Trial Court # 6450
                                                                                                                

O P I N I O N
                                                                                                                

      This appeal is from a summary judgment granted the Defendant. Adera Kidwell, an adoptee,
filed an Application to Set Aside the Order Probating the Will of John Drummond Moody, her
biological father. She brought this suit against John D. Moody, Jr., Jennifer Alice Moody, and
Melissa Moody Treadwell seeking to inherit from her biological father. She alleged fraud,
negligence, gross negligence and breach of fiduciary duty. 
       Kidwell’s sole point of error asserts the trial court erred in granting the motion for summary
judgment because:
(1) the discovery rule keeps her claim from being barred by statute of limitations, arguing
specifically that the Texas Supreme Court’s opinion in Little v. Smith, 943 S. W. 2d 414 (Tex.
1997), is not controlling of this case; 
(2) the statutory restrictions regarding the identity of biological parents in adoption
proceedings are not constitutional because they violate Open Courts provision; and 
(3) Sections 162.006, 162.007, 162.018, and 162.022 of the Texas Family Code violate the
Equal Protection Clause.
FACTUAL BACKGROUND
      Adera Kidwell was born in 1954. She was placed through private adoption with Mr. and
Mrs. Kidwell. Adera was not told by the Kidwells that she was adopted. At age 13 she overheard
her aunt refer to her as the Kidwell’s adopted daughter. Her adoption was not discussed, and she 
did not know who her birth parents were or in what part of the state she was born. Beginning in
1993, Adera began to search for her biological parents. In May, 1994, she petitioned the Tarrant
County Court to release her adoption records, but the court refused.
      In August 1994, Adera paid a private service to find her birth parents’ names and located her
birth mother, Margaret Ann Weatherford. On March 24, 1995, she met with Weatherford and
learned her birth father was John Drummond Moody and that Weatherford and Moody had made
repeated attempts to locate her. Adera next contacted Moody’s sister who confirmed that Moody
had a child out of wedlock but warned Adera against contacting any other family members. Adera
then attempted to contact John D. Moody, Jr. who was handling the estate of John Drummond
Moody. When Moody, Jr. did not respond to her correspondence, she filed an Application to Set
Aside the Order Probating the Will. This application was filed thirteen years after the estate was
closed. The application alleged fraud, negligence, gross negligence, and breach of fiduciary duty.



ANALYSIS
      A defendant moving for summary judgment has the burden of showing as a matter of law that
no material fact issue exists on the plaintiff’s cause of action. Nixon v. Mr. Property Management
Co., 690 S. W. 2d 546, 548-49 (Tex. 1985). Summary judgment for the defendant may be based
on conclusive proof of an affirmative defense. Johnson Co. Sheriff’s Posse v. Endsley, 926 S. W.
2d 284, 285 (Tex. 1996). 
Statute of Limitations
      Little v. Smith, 943 S. W. 2d 414 (Tex. 1997), is controlling of this case. In Little, an
adoptee sued asserting a right to inherit from her biological grandmother and seeking damages or
equitable relief for wrongful exclusion from her grandmother’s estate. The trial court granted the
defendant’s motion summary judgment on limitations. The Court in Little held: 
(1) the discovery rule is unavailable to extend the statute of limitations in suits asserting a
right of inheritance by an adoptee; 
(2) an adoptee cannot rely on the discovery rule to defeat a statute of limitations defense to
claims against an estate, because application of the rule to these claims contradicts legislative
policies calling for confidentiality of adoption records and finality of estate matters; and 
(3) an adoptee can not rely on the discovery rule to defeat a statute of limitations defense for
claims against an executor or other heirs for breach of fiduciary duty, gross negligence,
constructive fraud, and conspiracy, even assuming an act or omission amounting to fraud,
breach of fiduciary duty, and gross negligence, given that persons may lawfully choose to
conceal identities of birth parents and given the need for finality of estate matters. Little, at
417-422.
      Kidwell attempts to distinguish her situation from the one in Little. Smith, the adoptee in
Little, was told she was adopted, where she was born, and the name of the adoption agency. She
obtained a court order to open her adoption records. Smith’s biological mother did not attempt
to contact her, and Smith’s adoptive mother knew the biological parents but kept that knowledge
a secret. These “distinctions” make no difference under the reasoning of Little, and Kidwell’s
claims are barred by limitations.
Open Courts
      In Reed v. Campbell, 476 U.S. 852, 106 S. Ct. 2234, 90 L. Ed. 858 (1986), an appeal of a
Texas case, the U.S. Supreme Court recognized that statutes of limitations may cut off the right
of an illegitimate child to inherit. The Court held that a state’s interest in the orderly disposition
of estates justifies the enforcement of generally applicable limitations on the time and manner in
which claims may be asserted and that the interest in finality of probate matters provides additional
justification for barring the belated assertion of claims, even though they may be meritorious. 
Campbell, 476 U.S. 855. In Little, the Texas Supreme Court reviewed some of the same Family
Code provisions that Kidwell challenges. The Court acknowledged arguments that adoptees
should have the right to inherit unless the adoption decree specifies otherwise and recognized that
adoptees who exercise the utmost diligence may be unable to locate their biological parents. Little,
942 S. W. 2d 422. Nevertheless, the Court held these considerations do not outweigh the need
for finality in settling estates, the confidentiality of biological parent’s identities, and the general
considerations that support the imposition of statutes of limitation. Id. The statutes in question
do not violate the Open Courts provision of the Texas Constitution.
Equal Protection
      In Lalli v. Lalli, 439 U.S. 259, 99 S. Ct. 518, 526 (1978), the U.S. Supreme Court addressed
the application of a New York statute part of which controlled the inheritance rights of illegitimate
children, and held a state has a substantial interest in providing for the just and orderly disposition
of estates. The Lalli Court stated the inquiry under the Equal Protection Clause does not focus
on the abstract “fairness” of a state law, but on whether the statute’s relation to the state interest
it is intended to promote is so tenuous that it lacks the rationality contemplated by the Fourteenth
Amendment. That court held that restrictions imposed on illegitimate children’s inheritance rights
were substantially related to the state interests the statute was promoting. Lalli, 99 S. Ct. at 527-528. In Little, the Texas Supreme Court examined the inheritance rights of adoptees and held the
need for finality of probate proceedings and the confidentiality in the adoption process are
paramount. Little, 943 S. W. 2d at 417. The statutes before this court have a substantial
relationship with the interest of the State of Texas in finality of probate proceedings and
confidentiality in the adoption process and do not violate the Equal Protection Clauses of the
United States Constitution or the Texas Constitution. 
      The trial court did not err in granting the Motion for Summary Judgment. The judgment of
the trial court is affirmed. 
 
                                                                         ROBERT M. CAMPBELL
                                                                         Justice (Sitting by Assignment)

Before Chief Justice Davis,
      Justice Vance and
      Justice Campbell (Sitting by Assignment)
Affirmed
Opinion delivered and filed January 13, 1999
Do not publish