Opinion issued August 8, 2002







 

 




In The

Court of Appeals

For The

First District of Texas

____________


NO. 01-01-00366-CV

____________


RANDY J. PALERMO, Appellant


V.


BOLIVAR YACHT BASIN, INC., Appellee






On Appeal from the 10th District Court

Galveston County, Texas

Trial Court Cause No. 99-CV-1272-A






O P I N I O N

 Appellant, Randy J. Palermo, challenges the trial court's decision to grant
Bolivar Yacht Basin, Inc.'s (Bolivar) motion for summary judgment. Appellant, in
two points of error, argues that Bolivar owed him a duty and breached that duty. We
affirm. 

Background

 Appellant sustained injuries to his left leg and face when he stepped from his
boat onto the Bolivar Bait Camp dock. Appellant's fall and resulting injuries were
caused by an unsecured board. Bolivar, as lessor, leased Bolivar Bait Camp to Paul
and Leabeth Bernard (lessees). The Bolivar Bait Camp included the bait house, dock
area, and fuel pump. Appellant sued both Bolivar and lessees under a premise-
liability cause of action. Both Bolivar and lessees separately moved for summary
judgment. The trial court granted Bolivar's motion for summary judgment and then
severed appellant's claim against Bolivar and rendered a final judgment. 

Discussion

 A rendition of summary judgment must be strictly construed. Int'l Ins. v.
Herman G. West, Inc., 649 S.W.2d 824, 825 (Tex. App.--Fort Worth 1983, no writ). 
Summary judgment is proper only when the movant establishes there is no genuine
issue of material fact and the movant is entitled to judgment as a matter of law. 
Randall's Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995); Lawson v.
B Four Corp., 888 S.W.2d 31, 34 (Tex. App.--Houston [1st Dist.] 1994, writ denied). 
The purpose of summary judgment is the elimination of patently umeritorious claims
or untenable defenses; it is not intended to deprive litigants of their right to a full
hearing on the merits of any real issue of fact. Levesque v. Wilkens, 57 S.W.3d 499,
503 (Tex. App.--Houston [14th Dist.] 2001, no pet.) (quoting Gulbenkian v. Penn,
252 S.W.2d 929, 931 (Tex. 1952)). In reviewing a summary judgment, we must
indulge every reasonable inference in favor of the nonmovant and resolve any doubts
in its favor. Randall's Food Mkts., 891 S.W.2d at 644; Lawson, 888 S.W.2d at 33. 
We take all evidence favorable to the nonmovant as true. Randall's Food Mkts., 891
S.W.2d at 644. 

 As movant, a defendant is entitled to summary judgment if the evidence
disproves as a matter of law at least one element of each of the plaintiff's causes of
action. Lear Siegler, Inc. v. Perez, 819 S.W.2d 470, 471 (Tex. 1991); Marchal v.
Webb, 859 S.W.2d 408, 412 (Tex. App.--Houston [1st Dist.] 1993, writ denied). 
After the defendant produces evidence entitling it to summary judgment, the burden
shifts to the plaintiff to present evidence creating a fact issue. Walker v. Harris, 924
S.W.2d 375, 376 (Tex. 1996). 

 If the trial court's judgment does not specify the ground on which the trial court
relied for its ruling, the summary judgment must be affirmed if any of the grounds
advanced are meritorious. Bradley v. State, 990 S.W.2d 245, 247 (Tex. 1999). In this
case, the trial court granted Bolivar's motion for summary judgment without
specifying the grounds. We will affirm the trial court's judgment if any of the
grounds advanced by Bolivar in its motion for summary judgment are meritorious. 

Duty

 Appellant, in point of error one, argues that Bolivar owed him a duty to
exercise ordinary care to protect appellant from not only those risks of which Bolivar
was actually aware, but also from those risks of which Bolivar should have been
aware after reasonable inspection. See Motel 6 G.P., Inc. v. Lopez, 929 S.W.2d 1, 3
(Tex. 1996) (presenting the standard of care owed to an invitee). The existence of a
duty is a question of law for the court to decide from the facts surrounding the case. 
Walker, 924 S.W.2d at 377. The Texas Supreme Court has stated, "In determining
whether a legal duty exists, we take into account not only the law and policies of this
State, but the law of other states and the United States, and the views of respected and
authoritative restatements and commentators." Smithkline Beecham Corp. v. Doe,
903 S.W.2d 347, 351 (Tex. 1995). 

 A lessor generally has no duty to tenants or their invitees for dangerous
conditions on the leased premises. Brownsville Navigation Dist. v. Izaguirre, 829
S.W.2d 159, 160 (Tex. 1992) (citing Restatement (Second) of Torts § 356
(1965)). "This general rule stems from the notion that a lessor relinquishes
possession or occupancy of the premises to the lessee." Johnson County Sheriff's
Posse, Inc. v. Endsley, 926 S.W.2d 284, 285 (Tex. 1996). 

 The Texas Supreme Court has recognized several exceptions to this rule. 
Endsley, 926 S.W.2d at 285. For example, a lessor who makes repairs may be liable
for injuries resulting from the lessor's negligence in making the repairs. Id. at 285
(citing Flynn v. Pan Am. Hotel Co., 183 S.W.2d 446, 448 (Tex. 1944)); see also
Restatement (Second) of Torts § 357 (1965). A lessor who conceals defects on
the leased premises of which the lessor is aware may also be liable. Endsley, 926
S.W.2d at 285 (citing Morton v. Burton-Lingo Co., 150 S.W.2d 239, 240 (Tex.
1941)); see also Restatement (Second) of Torts § 358 (1965). In addition, a
lessor may be liable for injuries caused by a defect on a portion of the premises that
remains under the lessor's control. Endsley, 926 S.W.2d at 285 (citing Parker v.
Highland Park, Inc., 565 S.W.2d 512, 514-15 (Tex. 1978)); see also Restatement
(Second) of Torts §§ 360, 361 (1965). Appellant argues that the third exception
applies to this case because Bolivar retained actual control over the area of the
premises where appellant was injured. We disagree. 

 Bolivar presented summary-judgment proof that it retained neither contractual
nor actual control over the dock area. Appellant concedes that Bolivar held no
contractual right to control the leased premises; a lease paragraph negates Bolivar's
contractual rights to control. It reads,"Lessee shall be totally responsible for any and
all needed repairs as well as maintaining the property in a safe and non-hazardous
condition . . . ." Regarding lessees' actual control, Leabeth Bernard testified, "My
husband and I had exclusive control over the premises, and in particular, the dock
area on which Plaintiff alleges he was injured. We were responsible for making
needed repairs, and in fact made such repairs as necessary." (Emphasis added). 

 Appellant argues the trial court erred by granting Bolivar's motion for
summary judgment because a fact issue remains whether Bolivar, through its
representative, Mr. Van Leuzen, retained actual control over the area where appellant
was injured. To support his argument, appellant relies on testimony offered by
Leabeth and Paul Bernard during their respective depositions.

 Leabeth Bernard testified as follows:

 Q. Did Mr. Van Leusen [sic] ever come out on that property to look
at it?

 A. Yes.

 Q. Okay. How often would he come look at that property?

 A. He's at the yacht basin almost daily, and he'll come down to the
bait camp sometimes. He's there-he's there quite often. 

 Q. Does he ever work on the docks or the bait camp?

 A. No. That is totally our responsibility . . . .

 Q. Do you know whether or not Mr. Van Leuzen ever inspects the
property for unsafe conditions?

 A. Yes. He does. (1)

 Q. And is that property that's covered by the lease he inspects? [sic]

 A. Yes.

 Q. And how often does he do that?


 Whenever he happens to be walking around out there.



 Has there ever been a time when he's come to either you or your
husband and said, "I found such and such, and I think it's a
hazard. Ya'll need to get it fixed"? [sic]



 No, because we fix things as we find them. We keep it in repair. 



 If he was inspecting out there and found something that was
unsafe, would you expect him to come to you? 


 A. Yes, and tell us; and we fix it. 


 Paul Bernard testified as follows:

 Q. Okay. Have you ever seen Mr. Van Leuzen out there looking at
the property?

 A. Almost every day . . . .

 Q. Has he ever made any comment to you about the condition of the
dock or asked you about inspecting it? 

 A. If he seen [sic] a loose board, he would tell me there was a loose
board; and I'd nail it. 

 Q. Okay. Has that happened before?

 A. Maybe once or twice.


 Here, after indulging every reasonable inference in favor of appellant and
resolving all doubts in his favor, we hold appellant's summary-judgment proof was
insufficient to present evidence creating a fact issue with regard to Bolivar's actual
control over the dock area. The record shows that: (1) Bolivar relinquished its
contractual control over the leased premises; (2) Bolivar never controlled the dock
by undertaking repairs; (3) Bolivar never instructed lessee how to repair the premises;
and (4) the lessees testified that the dock area was under their exclusive control. 

 Our decision in this case is supported by Endsley. In Endsley, the Texas
Supreme Court held the lessor of an arena owed no duty to a spectator who was
injured by an object kicked into the air by a horse. 926 S.W.2d at 285. In reaching
its decision, the court held: (1) the landlord had a policy requiring its tenants to
maintain and prepare the arena grounds for their particular event; (2) equipment was
available to prepare the grounds, but no instruction was offered to the tenants in
preparing the grounds; (3) control of the premises was yielded to the tenants; and (4)
it was the tenant's responsibility to prepare the arena to fit their needs. Id. at 286. 
Like Endsley, we conclude the facts in this case are insufficient to raise a fact issue
regarding whether Bolivar retained actual control over the area where appellant was
injured. Thus, the lessor-liability exception does not apply, and Bolivar accordingly
did not owe a duty to appellant. 

 Appellee urges that the Restatement (Second) of Torts serves to remove it from
the lessor-liability exception. We agree. The Restatement supports the proposition
that a lessor may be liable for injuries caused by a defect on a portion of the premises
that remains under the lessor's control. See Endsley, 926 S.W.2d at 285;
Restatement (Second) of Torts §§ 360, 361 (1965). However, a number of cases
which have imposed liability on the landlord on the basis of retained control deal with
injuries sustained when the landlord has failed to maintain in responsibly safe
condition parts of the premises which are used in common by all tenants. See, e.g.,
Parker, 565 S.W.2d at 514-15; Osti v. Saylors, 927 S.W.2d 623 (Tex. App.--Houston
[1st Dist.] 1999, no pet.); Harris v. H.G. Smithy Co., 429 F.2d 744 (D.C. Cir. 1970);
Levine v. Katz, 407 F.2d 303 (D.C. Cir. 1968). Implicit in these decisions is the
notion that since no individual tenant controls the common area, control remains with
the landlord. See, e.g., Fitzpatrick v. Ford, 372 S.W.2d 844, 849 (Mo. 1963). 

 Common areas to which a landlord's duty has been extended include "the hall,
stairs, elevators, and other approaches to the part of the land leased to the lessee as
a flat, office, or room in a tenement or boardinghouse" and "to such other parts of the
land or building to the use of which by the express or implied terms of the lease the
lessee is entitled, usually in common with other lessees, such as a bathroom in a
boardinghouse and the roof or yard of a tenement building or apartment house." 
Restatement (Second) of Torts § 360 cmt. d. (1965). The lessor is only liable
for the portion of the leasehold over which he retains control such as the "walls,
roofs, and foundations of an apartment house or office building," or "any other part
of the land the careful maintenance of which is essential to the safe use of the . . .
portion of land leased to the various lessees, such as the central heating, lighting, or
water system." Restatement (Second) of Torts § 361 cmt. b. (1965). 

 In this case, Bolivar was an out-of-possession landlord having leased to a
single tenant the bait house, dock area, and fuel pump. Because the dock is limited
in use by the sole tenant, its customers, and guests, it does not constitute a common
area, but instead is part of the entire leased premises. Appellant has misapplied the
lessor-liability exception to this case because the dock area cannot be classified as 
a common area and therefore falls outside of the Restatement's exception for lessor
liability. 

 We overrule point of error one. Because we overrule point of error one, we
need not reach point of error two.

Conclusion

 We affirm the trial court's judgment.


Sherry J. Radack

Justice

Panel consists of Justices Nuchia, Radack, and Price. (2) 

Publish. Tex. R. App. P. 47.4. 




1. Bolivar notes Leabeth Bernard testified "[H]e [Mr. Van Leuzen] will walk out
on the dock and just be talking to us or something; and he'll just kind of be
looking around, you know. And he-he's aware of everything going on. He's
very astute, you know; and he's just-it's not a formal inspection." 
2. The Honorable Frank C. Price, former Justice, Court of Appeals, First District
of Texas at Houston, participating by assignment.