Opinion issued August 18, 2005 

















In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00258-CV
____________

SARAH BLANCETT, Appellant

V.

LAGNIAPPE VENTURES, INC., Appellee



 
On Appeal from the 152nd District Court
Harris County, Texas
Trial Court Cause No. 2003-18337
 

 
 
O P I N I O N
          Appellant, Sarah Blancett, challenges a summary judgment granted in favor of
appellee, Lagniappe Ventures, Inc. (“Lagniappe”), in her premises liability suit. 
Blancett presents three issues for our review. She contends that an affidavit in
support of Lagniappe’s summary judgment motion “fails as summary judgment
evidence because it was made by an interested party and cannot be readily rebutted.” 
Blancett also contends that the trial court erred in granting summary judgment in
favor of Lagniappe on the issue of duty, as Lagniappe’s summary judgment motion
did not address her claim for injuries caused by Lagniappe’s alleged negligent repairs.
          We reverse and remand. 
Factual and Procedural Background
          In Blancett’s original petition, filed on April 7, 2003, Blancett alleged that, on 
December 24, 2001, her leg was injured “when she fell on property owned by
[Lagniappe] because of its negligence in creating and maintaining an unsafe condition
on the stairway of the premises located at 4748 Merwin, Houston, Texas, Harris
County.”


 She further alleged that Lagniappe “is sued under and pursuant to common
law and the Texas Premises Liability statutes in one or more of the following
particulars” by : (1) “maintaining a dangerous condition in the stairway”; (2) “failing
to remove the dangerous condition”; and (3) “failing to warn of the dangerous
condition; among other acts and omissions.” In its answer, Lagniappe asserted a
general denial. 
          On September 12, 2003, Lagniappe filed its summary judgment motion,
arguing that it was entitled to judgment as a matter of law because Lagniappe owed
no duty to Blancett as (1) the “premises in question was leased to Anthony Cheng and
Aimee Adams” and, thus, Lagniappe “did not control the premises”; (2) “[Blancett]
was an invitee” and Lagniappe “had no actual or constructive knowledge of the
alleged premises defect”; and, (3) “[a]s a matter of law, Lagniappe did not owe a duty
to warn or to make the condition safe without Blancett first establishing that it had
actual or constructive knowledge.” Within its third ground, Lagniappe also asserted
that “Blancett cannot not recover under a premises liability theory” because “it had
no knowledge nor should have known of any hidden danger inside the unit where the
accident occurred” and that “improperly lit stairways are not hidden defects as a
matter of law.” In support of its summary judgment motion, Lagniappe attached
excerpts of Blancett’s deposition testimony, Blancett’s original petition, and the
affidavit of Jon Deal, Lagniappe’s apartment manager. 
          Thereafter, on December 17, 2003, Blancett filed a “supplemental original
petition,” in which she further alleged that Lagniappe “[f]ail[ed] to repair or
negligently repair[ed] the dangerous condition, among other acts and omissions.” On
January 2, 2004, Blancett filed a response to Lagniappe’s summary judgment motion,



in which she expressly contended that Lagniappe negligently repaired the handrail in
the stairwell. In support of her response, Blancett attached (1) the affidavit of Aimee
Adams; (2) the affidavit of Norman Cooper, an engineer who examined the interior
stairwell, and a corresponding report; and (3) a portion of Blancett’s deposition
testimony. She also objected to the affidavit of Jon Deal because, among other
things, she alleged that he was an interested witness whose testimony could not be
readily controverted. There is no evidence in the record that Blancett obtained a
ruling from the trial court concerning her objections. 
          On January 7, 2004, Lagniappe filed a reply to Blancett’s response, in which
it asserted, among other things, that (1) “Blancett has not presented any evidence
indicating a covenant to repair the premises”; (2) “Blancett has no evidence that the
lack of a handrail on the bottom steps was concealed from her as a matter of law”;
and (3) “Blancett has no evidence that a defect existed on the premises that remained
under . . . Lagniappe’s control.” In regard to Blancett’s negligent-repair claim,
Lagniappe asserted:
Blancett has not attached any evidence indicating that the tenants
requested their landlord to add a handrail to the bottom stairs much less
covenant to add an additional handrail at the bottom of the stairs. Even
if there was such a request, any promise to repair “was merely
gratuitous, not made at the time of the lease, and was no part of the
original contract. It was without consideration, and could not be
enforced.” (Citation omitted). Therefore, Lagniappe, as a matter of law,
did not covenant to erect or add a banister at the bottom of the stairway
in question; thus, it owed no duty to Blancett, its tenant’s guest.
 
          The trial court, on January 12, 2004, signed an order granting Lagniappe’s
motion for summary judgment without specifying the grounds upon which it relied. 
Blancett then filed a motion for new trial, which was denied.
Objections to Summary Judgment Evidence
          Initially, we note that, in her third point of error, Blancett argues that the
“[a]ffidavit of [Lagniappe’s] [m]anager, [Jon] Deal, supporting its Motion [f]or
Summary Judgment fails as summary judgment evidence because it was made by an
interested party and cannot be readily rebutted.” She also argues that Deal’s
“[a]ffidavit cannot support the summary judgment” because “the safety defects in
Apartment No. 1 are violations of the Building Code of [t]he City of Houston.” 
Blancett asserts that these codes “have the force of law” and that “Deal, as a
representative of the lessor, [was] charged with knowledge of the requirements of the
Building Code of [t]he City of Houston regarding stairrails and the construction of
stairs and thus he ha[d] knowledge of the defects in the stairs and handrails by
presumption of law.” 
          To be considered by the trial or reviewing court, summary judgment evidence
must be presented in a form that would be admissible at trial. See Tex. R. Civ. P.
166a(f); see United Blood Servs. v. Longoria, 938 S.W.2d 29, 30 (Tex. 1997). A
summary judgment may be based on the uncontroverted testimonial evidence of an
interested witness if the evidence is clear, positive, direct, otherwise credible and free
from contradictions and inconsistencies, “and could have been readily controverted.” 
Tex. R. Civ. P. 166a(c). An objection to an affidavit on the grounds that it cannot be
readily controverted must be made before the summary judgment is granted or the
objection is waived. See Patterson v. Mobiloil Fed. Credit Union, 890 S.W.2d 551,
554 (Tex. App.—Beaumont 1994, no writ). Moreover, a written ruling on such an
objection must be obtained from the trial court to preserve error. Ahumada v. Dow
Chem. Co., 992 S.W.2d 555, 562 (Tex. App.—Houston [14th Dist.] 1999, pet.
denied); see Harris v. Spires Council of Co-owners, 981 S.W.2d 892, 897 (Tex.
App.—Houston [1st Dist.] 1998, no pet.). 
          Here, the record shows that Blancett, in her response to Lagniappe’s motion,
did, in fact, raise her objection that Deal was an interested witness and that his
testimony could not be readily controverted. However, the record does not show that
Blancett received any ruling on her objection. Furthermore, the record shows that
Blancett did not clearly assert a specific objection regarding Deal’s knowledge of the
building codes in relation to Deal’s affidavit to the trial court. Accordingly, we hold
that Blancett has waived her complaints regarding Deal’s affidavit testimony. Tex.
R. App. P. 33.1(a). 
          We overrule Blancett’s third issue. 
Standard of Review
          Because the propriety of a summary judgment is a question of law, we review
the trial court’s summary judgment decision de novo. Joe v. Two Thirty Nine Joint
Venture, 145 S.W.3d 150, 156 (Tex. 2004). To prevail on a summary judgment
motion, a movant has the burden of proving that it is entitled to judgment as a matter
of law and that there is no genuine issue of material fact. Tex. R. Civ. P. 166a(c);
Black v. Victoria Lloyds Ins. Co., 797 S.W.2d 20, 23 (Tex. 1990); Farah v. Mafrige
& Kormanik, P.C., 927 S.W.2d 663, 670 (Tex. App.—Houston [1st Dist.] 1996, no
writ). In deciding whether there is a disputed material fact issue precluding summary
judgment, proof favorable to the non-movant is taken as true, and the court must
indulge every reasonable inference and resolve any doubts in favor of the non-movant. Randall’s Food Mkts., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995);
Lawson v. B Four Corp., 888 S.W.2d 31, 33–34 (Tex. App.—Houston [1st Dist.]
1994, writ denied). We may affirm a summary judgment only when the record shows
that a movant has disproved at least one element of each of the plaintiff’s claims or
has established all of the elements of an affirmative defense as to each claim. Am.
Tobacco Co., Inc. v. Grinnell, 951 S.W.2d 420, 425 (Tex. 1997); Farah, 927 S.W.2d
at 670. If the movant establishes a right to summary judgment, the burden shifts to
the non-movant to present evidence raising a fact issue. Centeq Realty, Inc. v.
Siegler, 899 S.W.2d 195, 197 (Tex. 1995). 
          We note, moreover, that a summary judgment must stand or fall on the grounds
expressly presented in the motion. McConnell v. Southside Indep. Sch. Dist., 858
S.W.2d 337, 339-41 (Tex. 1993). When a summary judgment does not specify the
grounds on which the trial court granted it, the reviewing court will affirm the
judgment if any theory included in the motion is meritorious. Browning v. Prostok,
165 S.W.3d 336, 344 (Tex. 2005); Summers v. Fort Crockett Hotel, Ltd., 902 S.W.2d
20, 25 (Tex. App.—Houston [1st Dist.] 1995, writ denied).
Lessor’s DutyIn her first and second issues, Blancett argues that the trial court erred in
granting summary judgment in favor of Lagniappe on the issue of duty, as
Lagniappe’s summary judgment motion did not address her claim for injuries caused
by Lagniappe’s alleged negligent repairs. 
          Land owners owe “varying duties of care to visitors on their land, depending
on the legal status of the visitor.” Motel 6 G.P., Inc. v. Lopez, 929 S.W.2d 1, 3 (Tex.
1996). The parties do not dispute the fact that Blancett, as Adams’s guest, was
Adams’s invitee for purposes of Blancett’s premises liability suit. A land owner
generally owes invitees a duty to protect them from not only those risks of which the
owner is actually aware but also those risks of which an owner should be aware after
reasonable inspection. Id. Here, however, it must be emphasized that Lagniappe was
Adams’s landlord. 
          Generally, a lessor has no duty to tenants or their invitees for dangerous
conditions on the leased premises. Johnson County Sheriff’s Posse, Inc. v. Endsley,
926 S.W.2d 284, 285 (Tex. 1996); Palermo v. Bolivar Yacht Basin, Inc., 84 S.W.3d
746, 748 (Tex. App.—Houston [1st Dist.] 2002, no pet.). This rule stems from the
notion that a lessor relinquishes possession of the premises to the lessee. Endsley,
926 S.W.2d at 285; Palermo, 84 S.W.3d at 748; see Restatement (Second) of
Torts § 356 cmt. a. (1965). However, Texas courts recognize several exceptions to
this general rule. Endsley, 926 S.W.2d at 285; Palermo, 84 S.W.3d at 748. For
example, a lessor who conceals defects on the leased premises of which the lessor is
aware may be liable. Endsley, 926 S.W.2d at 285 (citing Morton v. Burton-Lingo
Co., 150 S.W.2d 239, 240 (Tex. 1941)); Palermo, 84 S.W.3d at 748; see also
Restatement (Second) of Torts § 358 (1965). Additionally, a lessor may be liable
for injuries caused by a defect on a portion of the premises that remain under the
lessor’s control. Endsley, 926 S.W.2d at 285 (citing Parker v. Highland Park, Inc.,
565 S.W.2d 512, 514–15 (Tex. 1978)); Palermo, 84 S.W.3d at 748; see also
Restatement (Second) of Torts §§ 360, 361 (1965). Finally, and directly on point
in the instant case, a lessor who makes repairs may be liable for injuries resulting
from the lessor’s negligence in making those repairs. Endsley, 926 S.W.2d at 285
(citing Flynn v. Pan Am. Hotel Co., 183 S.W.2d 446, 448 (Tex. 1944)); Palermo, 84
S.W.3d at 748; see also Restatement (Second) of Torts § 362 (1965). If the
landlord agrees to repair tenant-controlled areas, the landlord must use ordinary care
in making the repairs. Montelongo v. Goodall, 788 S.W.2d 717, 719 (Tex.
App.—Austin 1990, no writ). In circumstances where a lessor owes to its tenant the
duty owed to an invitee, this duty of the lessor extends to the tenant’s invited guests.
See Parker v. Highland Park, Inc., 565 S.W.2d 512, 514–15 (Tex. 1978); Dickinson
Arms-REO, L.P. v. Campbell, 4 S.W.3d 333, 336–37 (Tex. App.—Houston [1st Dist.]
1999, pet. denied).
          Citing the general rule that a lessor has no duty to tenants or their invitees for
dangerous conditions on a leased premises, Lagniappe first argues that the trial court
properly granted summary judgment in this case because none of the exceptions to
the general rule applies in this case. Second, and alternatively, Lagniappe argues that
it had no duty to Blancett because it neither knew nor should have known of any
alleged defective condition on the leased premises at or prior to the time of the
alleged incident. 
          In support of its second argument, Lagniappe refers us to the general elements 
of an invitee’s premises liability claim in which it is alleged that a dangerous
condition is known to or discoverable by a possessor of land. To prevail on such a
claim, a plaintiff must prove that (1) the land owner had actual or constructive
knowledge of some condition on the premises, (2) the condition posed an
unreasonable risk of harm, (3) the land owner failed to exercise reasonable care to
reduce or eliminate the risk, and (4) the land owner’s failure to use such care
proximately caused the plaintiff’s injuries. Motel 6 G.P., Inc., 929 S.W.2d at 3;
Restatement (Second) of Torts § 343 (1965). Lagniappe argues that it should
prevail because the summary judgment evidence, primarily the affidavit testimony of
Jon Deal, establishes that it had no actual or constructive knowledge of the alleged
premises defect in this case. Lagniappe’s argument is misplaced.
          As noted above, even if an invitee were to establish the above elements in a
claim against a lessor, the lessor would generally not be liable to the invitee for
dangerous conditions on the leased premises because the lessor has, in fact,
relinquished possession of the premises to a lessee. Endsley, 926 S.W.2d at 285;
Palermo, 84 S.W.3d at 748; Restatement (Second) of Torts § 356 cmt. a. (1965). 
Here, Blancett, in her supplemental petition, added her claim that Lagniappe was
negligent in making repairs to the stairwell—a separate claim based, not on a
dangerous condition known to or discoverable by a landowner but, instead, a claim
based on a lessor’s negligence in making repairs. Restatement (Second) of Torts
§ 362 (1965). The elements of such a claim and the basis of the duty owed are quite
different. As provided in section 362 of the Restatement:
A lessor of land who, by purporting to make repairs on the land while
it is in the possession of his lessee, or by the negligent manner in which
he makes such repairs has, as the lessee neither knows nor should know,
made the land more dangerous for use or given it a deceptive appearance
of safety, is subject to liability for physical harm caused by the condition
to the lessee or to others upon the land with the consent of the lessee or
sublessee.

Id. 
          In support of its primary argument, Lagniappe asserts that “there is no evidence
in the record” that a covenant to repair the premises existed or that the tenants
requested Lagniappe to add a handrail at the bottom of the stairway. On the other
hand, Blancett correctly notes that Lagniappe, in its summary judgment motion, did
not address her new claim, which was asserted in her supplemental petition, that
Lagniappe negligently repaired the stairway. She argues that because Lagniappe
failed to address her negligent-repair claim in its motion, the trial court was
“prohibited from concluding that Lagniappe intended for the court to resolve the duty
issue involving claims for negligent repair.”
          Unaddressed issues or claims cannot be a basis for summary judgment. 
Chessher v. Southwestern Bell Tel. Co., 658 S.W.2d 563, 564 (Tex. 1983) (per
curiam). When a plaintiff amends her pleadings after a defendant has moved for
summary judgment, the defendant must ordinarily file an amended motion for
summary judgment to be entitled to prevail on the entirety of the plaintiff’s case. 
Smith v. Atl. Richfield Co., 927 S.W.2d 85, 88 (Tex. App.—Houston [1st Dist.] 1996,
writ denied). The portion of a final summary judgment that is rendered on the
plaintiff’s entire case under these circumstances must be reversed because the
judgment grants more relief that requested. Lehmann v. Har-Con Corp., 39 S.W.3d
191, 200 (Tex. 2000); Positive Feed, Inc. v. Guthmann, 4 S.W.3d 879, 881 (Tex.
App.—Houston [1st Dist.] 1999, no pet.). However, an exception applies when the
grounds initially asserted in the motion for summary judgment conclusively negate
an element that is common to the allegation asserted in the amended pleadings. See
Farah, 927 S.W.2d at 671-72; Judwin Props., Inc. v. Griggs & Harrison, 911 S.W.2d
498, 502-03 (Tex. App.—Houston [1st Dist.] 1995, no writ).
          In this case, after Lagniappe moved for summary judgment, Blancett filed her
supplemental original petition, adding the claim that Lagniappe failed to repair or
negligently repaired the handrail or stairwell. In its summary judgment motion,
Lagniappe provided two reasons why it, as a lessor, owed no duty to Blancett, a
tenant’s invitee: (1) Lagniappe had no right of control over the interior stairwell of
Adams’s apartment and that (2) it had not concealed a preexisting latent defect. 
However, Lagniappe did not address the assertion made by Blancett in her
supplemental petition that Lagniappe negligently repaired the alleged defect. 
Moreover, Lagniappe did not amend or supplement its summary judgment motion to
address Blancett’s theory that it allegedly failed to repair or negligently repaired the
alleged defect. 
          We note that Lagniappe, in its reply to Blancett’s response, asserted that it had
no duty to Blancett because she had provided no evidence of a failure to repair or of
a negligent repair. However, claims pleaded after a summary judgment is filed must
be addressed by an amended or supplemental motion, not by reply brief. McConnell,
858 S.W.2d at 341 (providing that summary judgment grounds must appear in
motion, not in briefs or evidence); Elliott v. Methodist Hosp., 54 S.W.3d 789, 794
(Tex. App.—Houston [1st Dist.] 2001, pet. denied). Therefore, we cannot consider
the grounds asserted by Lagniappe in its reply. 
          Furthermore, the exception to this general rule recognized by this court does
not apply in this case because the two theories that Lagniappe asserted in its summary
judgment motion as to why it owed no duty to Blancett do not conclusively negate
Blancett’s assertion in her supplemental petition that Lagniappe allegedly made
negligent repairs or failed to repair the alleged defect. As we have discussed above,
a summary judgment may only be granted on grounds addressed in the motion. Tex.
R. Civ. P. 166a(c); McConnell, 858 S.W.2d at 341. A judgment granting more relief
than to which the movant is entitled is subject to reversal. Lehmann, 39 S.W.3d at
200. 
          Accordingly, because Lagniappe did not move for summary judgment on
Blancett’s negligent-repair claim, which, in effect, alleged a separate basis of
Lagniappe’s duty to Blancett, we hold that the trial court erred in granting summary
judgment in favor of Lagniappe on the issue of duty.
We sustain Blancett’s first and second issues.
Final Judgment
          Finally, to the extent that Blancett argues that the judgment is interlocutory and
not final and appealable, we note that it is well-established that, in general, an appeal
may be taken only from a final judgment; that is, an appeal may be taken only from
a judgment that disposes of all pending parties and claims. Lehmann, 39 S.W.3d at
195. Absent a conventional trial on the merits, a judgment is final “if and only if
either it actually disposes of all claims and parties then before the court, regardless
of its language, or it states with unmistakable clarity that it is a final judgment as to
all claims and all parties.” Id. at 192–93. The law does not require that a final
judgment be in any particular form. Id. at 195. The language of an order or judgment
can make it final, even though it should have been interlocutory, if that language
expressly disposes of all claims and all parties. Id. at 200. If the intent to finally
dispose of the case is clear, “then the order is final and appealable, even though the
record does not provide an adequate basis for rendition of judgment.” Id. Granting
more relief than necessary makes the order reversible but not interlocutory. Id. at
204. Therefore, whether a decree is a final judgment must be determined from its
language and the record in the case. Id. at 195.
          Here, the trial court’s judgment provides that “[t]his summary judgment
disposes of all claims and all parties and is appealable.” Such express language, with
“unmistakable clarity,” disposes of all claims and all parties. See id. at 192–93, 206
(providing that a “statement like, ‘This judgment finally disposes of all parties and
all claims and is appealable,’ would leave no doubt about the court’s intention”). In
this case, the trial court’s judgment granting summary judgment is reversible but not
interlocutory. See id. at 204. 
 
Conclusion
          We reverse the judgment of the trial court and remand this cause to the trial
court for further proceedings in accordance with this opinion.
 
 
 
                                                                        Terry Jennings
                                                                        Justice
 
Panel consists of Chief Justice Radack and Justices Jennings and Hanks.