NO. 07-08-0291-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 24, 2009
______________________________

NICHOLAS FARHOOD, a/k/a NICK FARHOOD, 
individually and d/b/a CAMEO CUSTOM HOMES, 
                                                                                                 Appellant

v.

KEVIN CLEMENTS, 

                                                                                                 Appellee
_________________________________

FROM THE 393rd DISTRICT COURT OF DENTON COUNTY;

NO. 2007-60155-393; HON. VICKI ISAACKS, PRESIDING
_______________________________

Memorandum Opinion
_______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
          Pending before the court is an appeal by Nicholas Farhood, individually and doing
business as Cameo Custom Homes, from a summary judgment awarding Kevin Clements
$251,757.98 against Farhood. The dispute between the two litigants arose from a
construction contract under which Farhood agreed to build a home for Clements. They
executed a contract specifying the construction price to be $750,000. According to
Clements, Farhood demanded other monies in excess of that sum to complete the work,
contrary to the terms of their agreement. Farhood purportedly demanded the additional
sums to cover deviations from the contract as requested by Clements. The dispute
resulted in Clements suing Farhood under various causes of action and seeking a partial
summary judgment. The trial court granted the aforementioned summary judgment and
severed the claims encompassed by the decree from those necessitating further
adjudication. We reverse the judgment and remand the cause.
          The motion for summary judgment filed with the court was rather global and vague. 
Yet, it is clear that Clements sought to recover the difference between what he allegedly
thought the actual contract price was ($750,000) and the amount he actually paid. Yet, in
the attachments to his motion, he included a document entitled “Change Order
Confirmation Agreement.”


 Per that item, the signatories, which included Farhood and
Clements, alluded to “certain alterations and extras in the improvements contemplated by”
a mechanics lien contract involving the construction at issue.


 So too did the parties
represent, via the document, that “the extra work done and materials furnished as a result
of said alterations cost $90,000, which sum is a part of the Contract Price secured by said”
mechanics lien contract. Elsewhere in the same writing, the parties stated that the
“Contract Price stated in and secured by [the lien contract] has increased from $192,000
to $292,500 . . . .” Other attachments to the motion indicate that the mechanics lien
contract for $292,500 constituted a lien second to a $900,000 first lien. Finally, the total
loan amount obtained by Clements apparently exceeded $1,192,000. 
          Authority obligates us to construe the summary judgment evidence in a light most
favorable to the non-movant, i.e. Farhood. Johnson County Sheriff's Posse Inc. v.
Endsley, 926 S.W.2d 284, 285 (Tex.1996) (holding that summary judgment evidence must
be construed in favor of the non-movant). And, in so construing the evidence appended
by Clements to his motion, we hold that there exists a material issue of fact regarding the
price that he contractually agreed to pay for the construction of his house. Simply put, he
said it was only $750,000. Yet, other evidence reveals that he secured a loan for over
$1,192,000, and signed a “Change Order Confirmation Agreement” increasing his financial
obligation by an additional $292,500. Given the material issue of fact regarding the extent
of Clements’ obligation, he was not entitled, as a matter of law, to recover $251,757.98
from Farhood. See Tex. R. Civ. P. 166a(c) (permitting entry of a summary judgment when
the movant is entitled to it as a matter of law).
          Accordingly, we reverse the summary judgment and remand the cause for further
proceedings. 
 
                                                                           Brian Quinn
                                                                          Chief Justice