NO. 07-08-0291-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 24, 2009
_____

NICHOLAS FARHOOD, a/k/a NICK FARHOOD,
individually and d/b/a CAMEO CUSTOM HOMES,

Appellant

v.

KEVIN CLEMENTS,

Appellee
_____

FROM THE 393rd DISTRICT COURT OF DENTON COUNTY;

NO. 2007-60155-393; HON. VICKI  ISAACKS, PRESIDING
_____

***Memorandum Opinion***
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pending before the court is an appeal by Nicholas Farhood, individually and doing business as Cameo Custom Homes, from a summary judgment awarding Kevin Clements $251,757.98 against Farhood.  The dispute between the two litigants arose from a construction contract under which Farhood agreed to build a home for Clements.  They executed a contract specifying the construction price to be $750,000.  According to Clements, Farhood demanded other monies in excess of that sum to complete the work,

contrary to the terms of their agreement. Farhood purportedly demanded the additional sums to cover deviations from the contract as requested by Clements. The dispute resulted in Clements suing Farhood under various causes of action and seeking a partial summary judgment. The trial court granted the aforementioned summary judgment and severed the claims encompassed by the decree from those necessitating further adjudication. We reverse the judgment and remand the cause.

The motion for summary judgment filed with the court was rather global and vague. Yet, it is clear that Clements sought to recover the difference between what he allegedly thought the actual contract price was ($750,000) and the amount he actually paid. Yet, in the attachments to his motion, he included a document entitled "Change Order Confirmation Agreement."[1] Per that item, the signatories, which included Farhood and Clements, alluded to "certain alterations and extras in the improvements contemplated by" a mechanics lien contract involving the construction at issue.[2] So too did the parties represent, via the document, that "the extra work done and materials furnished as a result of said alterations cost **$90,000**, which sum is a part of the Contract Price secured by said" mechanics lien contract. Elsewhere in the same writing, the parties stated that the "Contract Price stated in and secured by [the lien contract] has increased from $192,000 to $292,500 . . . ." Other attachments to the motion indicate that the mechanics lien

---

[1]Clements prefaced his written tender of the attachments with the following: "Plaintiff attaches an affidavit hereto and incorporates it by reference to establish *facts* not apparent from the record. Plaintiff also attaches and incorporates documentary *evidence* thereto as follows: . . . ." (Emphasis added). From this, we conclude that he proffered each attachment as evidence for consideration by the trial court when determining whether to grant summary judgment.

[2]The initial construction contract included a provision entitling Clements to change the home's plans and specifications via subsequent agreement specifying the changes and additional sums to be paid.

2

contract for $292,500 constituted a lien second to a $900,000 first lien. Finally, the total loan amount obtained by Clements apparently exceeded $1,192,000.

Authority obligates us to construe the summary judgment evidence in a light most favorable to the non-movant, *i.e.* Farhood. *Johnson County Sheriff's Posse Inc. v. Endsley*, 926 S.W.2d 284, 285 (Tex.1996) (holding that summary judgment evidence must be construed in favor of the non-movant). And, in so construing the evidence appended by Clements to his motion, we hold that there exists a material issue of fact regarding the price that he contractually agreed to pay for the construction of his house. Simply put, he said it was only $750,000. Yet, other evidence reveals that he secured a loan for over $1,192,000, and signed a "Change Order Confirmation Agreement" increasing his financial obligation by an additional $292,500. Given the material issue of fact regarding the extent of Clements' obligation, he was not entitled, as a matter of law, to recover $251,757.98 from Farhood. *See* TEX. R. CIV. P. 166a(c) (permitting entry of a summary judgment when the movant is entitled to it as a matter of law).

Accordingly, we reverse the summary judgment and remand the cause for further proceedings.


Brian Quinn
Chief Justice

3