**Bob JENSEN, Appellant,**

v.

**SOUTHWEST RODEO, L.P., Appellee.**

No. 05–10–00596–CV.

Court of Appeals of Texas, Dallas.

Sept. 29, 2011.

Ron McCallum, Ted B. Lyon, Jr., William E. Zook, Ted B. Lyon & Associates, P.C., Mesquite, TX, for Appellant.

D. Craig Brinker, Latoyia Watkins Pierce, Andrea Bouressa, Henslee Schwartz, LLP, Dallas, TX, for Appellee.

Before Justices MORRIS, FITZGERALD, and FRANCIS.

## OPINION

Opinion By Justice MORRIS.

In this premises liability case, appellant Bob Jensen challenges the trial court's summary judgment in favor of Southwest Rodeo, L.P. Jensen brings two issues contending the trial court erred in concluding he had no right to recover from Southwest Rodeo for his personal injuries. Because we conclude Southwest Rodeo owed no duty to Jensen, we affirm the trial court's judgment.

### I.

Southwest Rodeo, L.P. owns an arena and events center located in Mesquite, Texas. On October 21, 2003, Bob Jensen, acting on behalf of the Hella Shrine Temple, signed a lease agreement with Southwest Rodeo to use the arena facilities for a Hella Shrine circus. During one of the circus performances, Jensen tripped and fell on the arena stairs. Jensen filed suit against Southwest Rodeo alleging claims for negligence and premises liability.

Southwest Rodeo filed a motion for summary judgment asserting three grounds to defeat Jensen's claims as a matter of law. First, Southwest Rodeo argued Jensen's claims must fail because Southwest Rodeo, as lessor, owed no duty to the Temple or the Temple's invitees for the conditions of the leased premises. In the alternative, Southwest Rodeo argued that Jensen's claims must fail because he was a licensee with knowledge of the alleged dangerous condition. Finally, Southwest Rodeo argued that Jensen could not recover under a separate negligence theory because his injury was alleged to be the result of a premises defect and not any contemporaneous negligent activity. Following a hearing on the motion, the trial court held that Southwest Rodeo owed no duty to Jensen and ordered that Jensen take nothing by his claims. Jensen brought this appeal.

### II.

In his first issue, Jensen contends the trial court erred in granting summary judgment against him because he raised a fact issue about whether Southwest Rodeo owed him a duty of reasonable care. Our review of a traditional summary judgment is well settled. We consider all of the evidence in the light most favorable to the nonmovant to determine whether the movant has shown that no material fact issue exists and it is entitled to judgment as a matter of law. *See Carbonara v. Tex. Stadium Corp.,* 244 S.W.3d 651, 654 (Tex. App.-Dallas 2008, no pet.). A defendant is entitled to summary judgment if it conclu-

sively negates at least one element of the plaintiff's cause of action or conclusively establishes all of the elements of an affirmative defense. *See Johnson Cnty. Sheriff's Posse, Inc. v. Endsley,* 926 S.W.2d 284, 285 (Tex.1996). If the motion and summary judgment evidence facially establish a right to judgment as a matter of law, the burden shifts to the nonmovant to raise a genuine issue of material fact sufficient to defeat summary judgment. *See Transcontinental Ins. Co. v. Briggs Equip. Trust,* 321 S.W.3d 685, 691 (Tex.App.-Houston [14th Dist.] 2010, no pet.).

Southwest Rodeo moved for summary judgment on the ground that it owed no duty to Jensen as a matter of law. It has long been recognized that a lessor generally owes no duty to a tenant or its invitees for dangerous conditions on the leased premises. *See Endsley,* 926 S.W.2d at 285. The tenant takes the property as he finds it and assumes the risk of apparent defects. *See Flynn v. Pan American Hotel Co.,* 143 Tex. 219, 183 S.W.2d 446, 448 (1944). Jensen concedes that this rule, if applicable, relieves Southwest Rodeo of liability for his injuries.[1] He argues, however, that the Texas Supreme Court has recognized several exceptions to this general rule and it is on one of these exceptions that he relies to assert that Southwest Rodeo was not entitled to summary judgment.

■ The exception upon which Jensen relies is that a lessor may be liable for injuries caused by a defect on a portion of the premises that remains under the lessor's control. *See Endsley,* 926 S.W.2d at 285. Jensen contends that, although he fell in the arena area that was leased by the Temple, he presented sufficient summary judgment evidence to create a fact issue about whether Southwest Rodeo retained a right to control the portion of the premises in which he fell. We disagree.

■ The retained-control exception is generally applied to common areas maintained by the landlord for the use and benefit of multiple tenants or the public. *See Palermo v. Bolivar Yacht Basin, Inc.,* 84 S.W.3d 746, 750 (Tex.App.-Houston [1st Dist.] 2002, no pet.). The rationale of the common area cases is that because no individual tenant controls the common area, the landlord remains in control. *Id.* It is undisputed in this case that Jensen fell in an area of the arena that was leased to the Temple and that the Temple was the sole lessee. Accordingly, the common area rationale does not apply.

Jensen contends the evidence shows Southwest Rodeo maintained sufficient control over the area made the subject of the lease to raise a fact issue on the retained-control exception. Jensen relies heavily on this Court's opinion in *City of Irving v. Seppy. See City of Irving v. Seppy,* 301 S.W.3d 435 (Tex.App.-Dallas 2009, no pet.). In *Seppy,* we addressed whether the City owed a duty of care to an invitee of a community theater group that contracted with the City to use a performing arts center. Based on the evidence presented, we concluded the plaintiff raised a material fact question about the City's control over the premises. *Id.* at 446. The facts presented in *Seppy* and the facts presented here are materially different in several important respects. First, we noted in *Seppy* that we were making no determination about whether the agreement between the parties constituted a lease creating a landlord-tenant relation-

---

1. Jensen does not challenge the summary judgment on his separate claim for negligence.

ship. Here, the parties do not dispute that the contract at issue is a lease agreement.

■ Next, the evidence in *Seppy* showed the City provided maintenance, repair, and cleaning for the premises at issue. In contrast, the lease agreement between Southwest Rodeo and the Temple required the Temple to return the facilities in "good condition and repair" at the end of the lease term. This contractual requirement placed the responsibility for maintenance, repair, and cleaning on the Temple, not Southwest Rodeo, during the term of the lease. The fact that Southwest Rodeo required maintenance to be performed shows only its intent to protect its interest in the property and not a retention of control over the property during the lease term. *See Flynn*, 183 S.W.2d at 449–50.

Finally, the evidence in *Seppy* showed that the City controlled the theater group's access to the premises at issue. The contract between the City and the theater group specified what times of day the doors would be opened and closed. Although the contract between Southwest Rodeo and the Temple specified what times of day the Temple was contracting to use the leased premises, Jensen provided no evidence to show that Southwest Rodeo retained the right to control the Temple's access to the premises. If the Temple used the premises during a time of day not specified in the lease, they were merely subjected to additional charges. The usage schedule was not a retention of control but a means of defining the amount of usage fees to be charged. For these reasons, we conclude *Seppy* is inapposite.

Jensen also points to a provision of the lease agreement that permits the general manager of Southwest Rodeo, or his representative, a right of access to the premises during the lease term for matters connected with the facilities. The reservation of a right to re-entry, however, does not amount to a retention of control. *See Shell Oil Co. v. Khan*, 138 S.W.3d 288, 297 (Tex.2004); *Daitch v. Mid–America Apartment Cmtys., Inc.*, 250 S.W.3d 191, 195 (Tex.App.-Dallas 2008, no pet.). The critical issue is who had the right of possession of the premises and not merely the right of access. *See Daitch*, 250 S.W.3d at 195.

■ Finally, Jensen argues that the evidence shows Southwest Rodeo retained a right of control over the premises because the lease contract limited the manner in which the premises could be used and deposition testimony showed that Southwest Rodeo placed its employees on the premises as ushers. The lease agreement limits the Temple's use of the premises to only those purposes for which it specified it sought to lease the facility. The lease further requires the Temple to abide by the law and certain safety precautions such as not exceeding the maximum seating capacity and not blocking passageways including aisles, halls, and stairwells. Any radio or television broadcasts could not be done without Southwest Rodeo's written consent. Southwest Rodeo's general manager testified that his company placed ushers in the arena during events so that if an accident occurred, the ushers would be there to assist. These general requirements, much like the requirement that the premises be kept in good repair, are intended to protect the lessor's interests. They do not evidence an intent to control either the premises or the details of the lessee's use of the facility. *Cf. Exxon v. Tidwell*, 867 S.W.2d 19, 21–22 (Tex.1993). The control necessary to impose a duty of care is physical control of the property or the intention to occupy or possess the property. *See De Leon v. Creely*, 972 S.W.2d 808, 812 (Tex.App.-Corpus Christi 1998, no pet.). Jensen presented no evi-

dence that would raise a fact question about Southwest Rodeo's physical control of the premises at issue or its intention to occupy or possess the premises during the lease period.

Based on the foregoing, we conclude Jensen failed to raise a genuine issue of material fact that would preclude summary judgment in favor of Southwest Rodeo on the ground it owed no duty to Jensen. Because we have resolved Jensen's first issue against him, it is unnecessary for us to address Jensen's second issue.

We affirm the trial court's summary judgment.