Rita Elaine Cunningham, Ind. & as Next Friend of Arricka & Candace Cunningham, Minors















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-215-CV

     RITA ELAINE CUNNINGHAM,
     INDIVIDUALLY AND AS NEXT
     FRIEND OF AIRRICKA CUNNINGHAM
     AND CANDACE CUNNINGHAM, MINORS,
                                                                              Appellant
     v.

     WILBUR BOHNE AND SUE BOHNE,
                                                                              Appellees
 

From the 74th District Court
McLennan County, Texas
Trial Court # 96-1114-3
                                                                                                                

O P I N I O N
                                                                                                                

      This is an appeal from an order granting summary judgment that Appellant Cunningham take
nothing against Appellees Wilbur and Sue Bohne.
      Shannon Bohne, age 13, is the granddaughter of Appellees Wilbur and Sue Bohne; she is the
daughter of Keith Bohne.
      Keith Bohne lives a short distance down the road from Appellees Wilbur and Sue Bohne, and
in a house that belongs to his father, Wilbur Bohne.
      On October 14, 1995, Keith Bohne gave his daughter, Shannon, a thirteenth-birthday slumber
party at his house. Airricka Cunningham, Appellant’s daughter and Shannon’s classmate, and two
other girls were invited to attend the slumber party at Keith’s house. Before the slumber party was
to begin, Shannon’s grandparents, Wilbur and Sue Bohne, gave a birthday dinner for Shannon at
their house. On the afternoon of the slumber party Shannon, Airricka, and the other girls at the
slumber party walked the short distance to Appellees’ house for dinner. After the dinner was
over, Keith and all of the girls returned to Keith’s house.
      Upon returning to Keith’s house, Airricka Cunningham and the other girls took turns riding
the motorized four-wheelers which were owned by Keith and which were kept at his house.
      Airricka Cunningham and another girl decided to ride away from Keith’s house and go down
the county road. Airricka lost control of her vehicle, ran off the road and collided with a fence
which ran along Appellees’ Wilbur and Sue Bohne’s property. Airricka was injured and her
mother, as her next friend, brought suit against Keith Bohne, Wilbur and Sue Bohne, and later
amended to include the Yamaha Motor Company, the manufacturer of the vehicle.
      Appellant asserted three causes of action against Wilbur and Sue Bohne: (1) negligence; (2)
gross negligence and (3) negligent entrustment.
      Appellees Wilbur and Sue Bohne filed a motion for summary judgment that Appellant take
nothing as to them. The trial court granted such motion and severed them from the balance of the
case. Appellant filed a motion for new trial and an amended motion for new trial, asserting the
court erred in granting the summary judgment. The court denied the motions.
      Appellant appeals on two points of error: (1) the trial court erred in granting Appellees’
motion for summary judgment and (2) the trial court erred in denying Appellant’s First Amended
Motion for New Trial.
      Specifically, Appellant contends that Appellees (1) failed to produce evidence that they lacked
control over the land upon which the terrain vehicles were stored and operated; (2) Appellees had
a duty to warn Appellant about the illegal, dangerous and unsupervised activity occurring on their
land; and (3) Appellees negligently entrusted an all-terrain vehicle to a thirteen-year-old child.
      As noted, Appellant asserted Wilbur and Sue Bohne were negligent, grossly negligently and
guilty of negligent entrustment.
      In order to establish negligence, a plaintiff must produce evidence to establish a duty, a breach
of that duty, and damages proximately caused by the breach. Werner v. Calwell, 909 S.W.2d 866,
869 (Tex. 1995).
      No legal liability can arise from any alleged negligence where no duty exists. Whether duty
exists is a question of law for the court to decide under the facts surrounding the occurrence. 
Greater Houston Trnsp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990); Lefmark Mgmt Co.
v. Old, 946 S.W.2d 52, 53 (Tex. 1996).
      An occupier of premises has no greater duty than does the public generally regarding
conditions outside of his premises and not caused by the occupier. Abalos v. Oil Development
Co., 544 S.W.2d 627, 633 (Tex. 1976); Howe v. Kroger Company, 598 S.W.2d 29 (Tex.
App.—Dallas 1980, no writ).
      Appellees were entitled to summary judgment if they negated at least one element of
Appellant’s cause of action. Johnson Co. Sheriff’s Posse v. Endsley, 926 S.W.2d 284, 285 (Tex.
1996).
      Appellees’ land-owner liability is premised on control. Appellees’ control ended when the
dinner was over and Airricka and the others returned to Keith’s house. Appellant, however,
asserts that since Appellees owned the property where Keith lived, and where the vehicles were
kept, that Appellees had control over the vehicle; and that Appellees have not shown by summary
judgment evidence what the terms of Keith’s occupancy were.
      We hold that whatever the terms of Keith’s occupancy were, it is undisputed that he was living
in the house; that the vehicles were kept at his house; that the vehicles belonged to him; and that
Appellees had no duty to Appellant under the facts of this case.
      Appellant further asserts Appellees negligently entrusted the four-wheelers to Appellant. The
threshold requirement of a negligent entrustment cause of action is entrustment of a vehicle by an
owner. Williams v. Stevens Industries, 699 S.W.2d 570 (Tex. 1995). The vehicle driven by
Appellant’s daughter was owned by Keith Bohne. He is the one who permitted Airricka to operate
it. The vehicle was not registered to Appellees; they did not buy, possess, care for, manage or
own it. They did not exercise control over it and did not have custody of it. The vehicle was kept
at Keith’s house.
      In summary, the uncontroverted evidence establishes as a matter of law that Appellees Wilbur
and Sue Bohne owed no duty to Appellant and thus were not negligent or grossly negligent. 
Further, Appellees were neither the owners or custodians of the four-wheeler driven by
Appellant’s daughter, Airricka Cunningham. Mere ownership of the property where Keith Bohn’s
house was located and where he lived and garaged the four-wheelers, and where his daughter’s
birthday slumber party was taking place, is not enough to establish a duty owed by Appellees to
Appellant.
      Both of Appellant’s points are overruled. The judgment is affirmed.
 
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Justice Vance,
      Justice Gray and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed March 17, 1999
Do not publish