Jason Nichols McDaniel v. State
















IN THE
TENTH COURT OF APPEALS
 

No. 10-04-00016-CR

     JASON NICHOLS McDANIEL,
                                                                              Appellant
     v.

     THE STATE OF TEXAS,
                                                                              Appellee
 

From the 40th District Court
Ellis County, Texas
Trial Court # 25,069CR
                                                                                                                

CORRECTED


 MEMORANDUM OPINION
                                                                                                                

      The trial court sentenced Jason Nichols McDaniel to twenty years’ imprisonment for
aggravated sexual assault in November 2001. McDaniel filed a pro se notice of appeal in
January 2004. The notice of appeal is untimely. See Tex. R. App. P. 26.2. Accordingly, the
appeal is dismissed for want of jurisdiction.
                                                                   PER CURIAM
Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
Appeal dismissed for want of jurisdiction
Opinion delivered and filed June 23, 2004
Do not publish
[CRPM]



 land upon which the terrain vehicles were stored and operated; (2) Appellees had
a duty to warn Appellant about the illegal, dangerous and unsupervised activity occurring on their
land; and (3) Appellees negligently entrusted an all-terrain vehicle to a thirteen-year-old child.
      As noted, Appellant asserted Wilbur and Sue Bohne were negligent, grossly negligently and
guilty of negligent entrustment.
      In order to establish negligence, a plaintiff must produce evidence to establish a duty, a breach
of that duty, and damages proximately caused by the breach. Werner v. Calwell, 909 S.W.2d 866,
869 (Tex. 1995).
      No legal liability can arise from any alleged negligence where no duty exists. Whether duty
exists is a question of law for the court to decide under the facts surrounding the occurrence. 
Greater Houston Trnsp. Co. v. Phillips, 801 S.W.2d 523, 525 (Tex. 1990); Lefmark Mgmt Co.
v. Old, 946 S.W.2d 52, 53 (Tex. 1996).
      An occupier of premises has no greater duty than does the public generally regarding
conditions outside of his premises and not caused by the occupier. Abalos v. Oil Development
Co., 544 S.W.2d 627, 633 (Tex. 1976); Howe v. Kroger Company, 598 S.W.2d 29 (Tex.
App.—Dallas 1980, no writ).
      Appellees were entitled to summary judgment if they negated at least one element of
Appellant’s cause of action. Johnson Co. Sheriff’s Posse v. Endsley, 926 S.W.2d 284, 285 (Tex.
1996).
      Appellees’ land-owner liability is premised on control. Appellees’ control ended when the
dinner was over and Airricka and the others returned to Keith’s house. Appellant, however,
asserts that since Appellees owned the property where Keith lived, and where the vehicles were
kept, that Appellees had control over the vehicle; and that Appellees have not shown by summary
judgment evidence what the terms of Keith’s occupancy were.
      We hold that whatever the terms of Keith’s occupancy were, it is undisputed that he was living
in the house; that the vehicles were kept at his house; that the vehicles belonged to him; and that
Appellees had no duty to Appellant under the facts of this case.
      Appellant further asserts Appellees negligently entrusted the four-wheelers to Appellant. The
threshold requirement of a negligent entrustment cause of action is entrustment of a vehicle by an
owner. Williams v. Stevens Industries, 699 S.W.2d 570 (Tex. 1995). The vehicle driven by
Appellant’s daughter was owned by Keith Bohne. He is the one who permitted Airricka to operate
it. The vehicle was not registered to Appellees; they did not buy, possess, care for, manage or
own it. They did not exercise control over it and did not have custody of it. The vehicle was kept
at Keith’s house.
      In summary, the uncontroverted evidence establishes as a matter of law that Appellees Wilbur
and Sue Bohne owed no duty to Appellant and thus were not negligent or grossly negligent. 
Further, Appellees were neither the owners or custodians of the four-wheeler driven by
Appellant’s daughter, Airricka Cunningham. Mere ownership of the property where Keith Bohn’s
house was located and where he lived and garaged the four-wheelers, and where his daughter’s
birthday slumber party was taking place, is not enough to establish a duty owed by Appellees to
Appellant.
      Both of Appellant’s points are overruled. The judgment is affirmed.
 
                                                                         FRANK G. McDONALD
                                                                         Chief Justice (Retired)

Before Justice Vance,
      Justice Gray and
      Chief Justice McDonald (Retired)
Affirmed
Opinion delivered and filed March 17, 1999
Do not publish