NUMBER
13-03-556-CV

                                 COURT OF
APPEALS

                     THIRTEENTH DISTRICT OF
TEXAS

                         CORPUS CHRISTI B EDINBURG

 

HCA HEALTH SERVICES OF TEXAS, INC. D/B/A

RIO GRANDE REGIONAL HOSPITAL,                                            Appellant,

 

                                                             v.

DANEK MEDICAL, INC.,                                                                    Appellee.

 

 

                    On appeal from the 332nd District
Court

                                        of
Hidalgo County, Texas.

 

 

 

                                M
E M O R A N D U M   O P I N I O N

 

     Before Chief Justice
Valdez and Justices Hinojosa and Rodriguez

 

      Opinion by Chief
Justice Valdez

 

 








Appellant, HCA Health Services of Texas, Inc., d\b\a
HCA Rio Grande Regional Hospital, and appellee, Danek Medical, Inc., filed
cross motions for summary judgment on the issue of whether appellant is
entitled to indemnification.   The trial
court granted appellee=s motion and denied that of appellant.  Appellant now contests the trial court=s disposition of those motions.  We affirm the judgment of the trial court.

I.  Facts and
Procedural History

The case below began in 1993, when Noe Mendoza
underwent spinal fusion surgery at HCA Rio Grande Regional Hospital.  The surgeon, Jorge Tijmes, M.D., implanted an
internal fixation device to stabilize Mendoza=s
spine during the healing process.  In
1994, Mendoza and his wife sued the hospital, Dr. Tijmes, and the Acromed
Corporation under former Texas Revised Civil Statute article 4590i, which
governed health care liability claims at the time.  See Act of May 30, 1977, 65th Leg.,
R.S., ch. 817, 1977 Tex. Gen. Laws 2039 (as amended) (Aformer Tex.
Rev. Civ. Stat. art. 4590i@), repealed by Act of June 2, 2003, 78th
Leg., R.S., ch. 204, ' 10.09, 2003 Tex. Gen. Laws 847, 884 (current
version at Tex. Civ. Prac. & Rem.
Code '' 74.001 et seq. (Vernon 2005)).  The Mendozas alleged the defendants were
negligent in using or allowing the use of Steffe screws in an unapproved
manner, resulting in injury.  The
Mendozas included Acromed in the suit because they erroneously believed that
Acromed manufactured the screws used by Dr. Tijmes and that Acromed Aknew or should have known that said Steffe screws
should not have been used and were not approved for use in the manner used on
[Mendoza].@

After the original petition was filed, the parties
determined the screws used on Mendoza were pedicle screws manufactured by Danek
Medical and not by Acromed.  The Mendozas
dropped their suit against Acromed and filed an amended petition on November
19, 1997, accusing the hospital and Dr. Tijmes of negligence for using the Danek
plate and screw system in an unapproved manner. 
The Mendozas filed a separate suit against Danek in federal court, the
pleadings of which are not found in this record.








The hospital and Dr. Tijmes then filed a third-party
petition against Danek, alleging that Danek may be liable for all or part of
the plaintiffs= cause of action because Mendoza had alleged his
injuries were caused in part by Danek=s acts, omissions, and defective product.  The Mendozas=
petition against the hospital and Dr. Tijmes claimed negligence under article
4590i.  See former Tex. Rev. Civ. Stat. art. 4590i.   The petition did not allege product
liability.  The hospital and Dr. Tijmes,
however, argued that the Mendozas had initially sued Acromed, the company they
thought had manufactured the screws, and had thereby judicially admitted that
the alleged injuries and damages were caused at least in part by the
manufacturer.  In their third-party
petition, the hospital and Dr. Tijmes alleged that if they were to suffer a
judgment resulting from the Mendozas= claims, they were entitled to contribution from
Danek.  

On February 10, 1998, the Mendozas filed their
second amended original petition, again naming only the hospital and Dr. Tijmes
as defendants, again bringing the claim under article 4590i, and again alleging
only improper use of the screws.  

The Mendozas settled their federal claim with Danek
and requested the court dismiss their claims against Danek, Dr. Tijmes, and the
hospital.  The court signed that order on
November 2, 2001.

On January 2, 2003, the hospital filed a motion for
summary judgment on its third-party petition arguing it was entitled to
indemnity from Danek as a matter of law under section 82.002(a) of the Texas
Civil Practice and Remedies Code .  See
Tex. Civ. Prac. & Rem. Code Ann. ' 82.002(a) (Vernon 1997). The hospital argued that
(1) it met the definition of a seller, (2) the underlying lawsuit constituted a
products liability action, and (3) Danek was required under section 82.002(a)
to indemnify the hospital against losses incurred by the Mendozas= suit.   Danek
denied these claims and cross-filed its own motion for summary judgment,
claiming the hospital was not entitled to any indemnity from Danek.  On July 22, 2003, the court granted Danek=s motion and denied the hospital=s motion.

II.  Standard
of Review








In situations where both parties move for summary
judgment and the trial court grants one while denying the other, we review both
sides= summary judgment evidence and determine all the
questions presented, rendering the judgment that the trial could should have
rendered.  Comm=rs Court of Titus County v. Agan, 940 S.W.2d 77, 81 (Tex. 1997). 

As a defendant, Danek "was entitled to summary
judgment only if it conclusively negated at least one element of [plaintiff's]
cause of action or conclusively established all of the elements of an
affirmative defense."  Johnson
County Sheriff's Posse, Inc. v. Endsley, 926 S.W.2d 284, 285 (Tex. 1996). 

Both motions for summary judgment on this case turn
on whether the hospital is entitled to indemnity under section 82.002(a).  We must reverse the summary judgment in Danek=s favor if Danek did not conclusively negate either
one of the hospital=s claims that (1) it is a seller under section
82.002(a), or (2) the underlying lawsuit was a products liability action as
contemplated by section 82.002(a).  See
id.

III.  Section
82.002(a)

Because we find it dispositive, we first address
whether the underlying lawsuit was a product liability action.  AA manufacturer shall indemnify and hold harmless a
seller against loss arising out of a products liability action, except for any
loss caused by the seller's negligence, intentional misconduct, or other act or
omission, such as negligently modifying or altering the product, for which the
seller is independently liable.@  Tex. Civ. Prac. & Rem. Code Ann. ' 82.002(a).  A
products liability action is Aany action against a manufacturer or seller for
recovery of damages arising out of personal injury, death, or property damage
allegedly caused by a defective product whether the action is based in strict
tort liability, strict products liability, negligence, misrepresentation,
breach of express or implied warranty, or any other theory or combination of
theories.@  Id. ' 82.001(2)
(Vernon 1997).








Based on the definition above, an essential element
for any claim based on section 82.002(a) is an allegedly defective product.  Id. ' 82.002(a).  Nowhere in the Mendozas= pleadings in this suit did they allege that the
pedicle screws were a defective product, nor claim that Danek breached a duty
by failing to warn the physician of the dangers of misuse.  Mendoza=s original petition claimed only that the
manufacturer Aknew or should have known that said Steffe screws
should not have been used and were not approved for use in the manner used on
[plaintiff],@ and its amended petition did not name the
manufacturer as a party.  In other words,
the Mendozas= only allegation in the underlying suit was that the
screws were improperly used, leading to injury. 
Manufacturers face liability only for products which are defective when
used in the intended manner or when used in a reasonably foreseeable way.  See Houston Lighting & Power v.
Reynolds, 765 S.W.2d 784, 786 (Tex. 1998); see also id. at 787
(liability is Alimited to uses that are objectively reasonable to
expect . . . it does not encompass uses . . . which represent wholly unexpected
product misuse.@) (citations omitted).








Although not discussed in the briefs of the parties,
this Court is well aware of the large volume of litigation starting in the late
1990s arising from claims of defective pedicle screws manufactured by Danek and
others.  See, e.g., Buckman
Co. v. Plaintiff's Legal Comm., 531 U.S. 341, 343-44 (2001); Balderston
v. Medtronic Sofamor Danek, 285 F.3d 238, 239 (3rd Cir. 2002); In re
Orthopedic Bone Screw Prod. Liab. Litig., 264 F.3d 344, 359 (3d Cir. 2001);
Theriot v. Danek Med., Inc., 168 F.3d 253, 255 (5th Cir. 1999).  However, we find nothing in the Mendozas= original petition, or amended original petitions,
that ever alleged the pedicle screws were themselves defective.  Instead, they allege only misuse.    The
hospital claims that a plain language argument defeats Danek=s assertions. 
It observes that the Mendozas= negligence suit against the hospital Adoes not change the fact that the Mendoza Plaintiffs
asserted an action against the Hospital for damages allegedly caused by a
defective product.@  Again, the
hospital cites no petition alleging defective products in the underlying
suit.  The only citation to the record
given by the hospital that even uses the words Aproduct
liability@ is in a letter between representative attorneys in
regard to the Mendozas= federal suit, which is not the suit underlying this
claim and did not include the hospital as a party.

Because the Mendozas= suit
against the hospital was not allegedly caused by a defective product, but
rather by a product grossly misused, we conclude that the underlying claim in
this proceeding was not a product liability claim as defined in section
82.001(2).  See
Tex. Civ. Prac. & Rem.
Code Ann. ' 82.001(2)

Because Danek demonstrated there was no merit to the
hospital=s claim that the underlying suit was a product
liability suit, the trial court properly granted Danek=s motion for summary judgment on that issue and
denied the hospital=s cross motion. 


IV. 
Conclusion

We affirm the order of the trial court.

 

 

                                           

Rogelio Valdez,

Chief Justice

 

 

 

Memorandum
Opinion delivered and filed

this
13th day of October, 2005.