

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-21-00098-CV
_____

STACI DENNY, APPELLANT

V.

GEORGE REINEMUND D/B/A GEORGE REINEMUND REAL ESTATE, AND KLAUS P.
HARTMANN, AND CYNTHIA HARTMAN, AND JACKIE LOVE, APPELLEES

_____

On Appeal from the 423rd District Court
Bastrop County, Texas
Trial Court No. 423-7225, Honorable Christopher Darrow Duggan, Presiding

_____

July 19, 2022

## MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and DOSS, JJ.

In this appeal[1] of a no-evidence summary judgment rendered in a premises liability case, Appellant Staci Denny argues she presented more than a scintilla of evidence supporting each element of her cause of action and that the trial court erred by rendering judgment in favor of Defendants George Reinemund d/b/a George Reinemund Real

---

[1] This appeal was originally filed in the Third Court of Appeals and was transferred to this Court by order of the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

Estate, Klaus P. Hartmann, and Cynthia Hartman (Reinemund).  Denny also challenges the trial court's ruling on Reinemund's motion to strike a portion of Denny's summary judgment evidence.  Because we conclude that the summary judgment record, even when considering the portions allegedly stricken in error, show that there is no genuine issue of material fact and Reinemund was entitled to judgment as a matter of law, we affirm the judgment.

## Background

The record reflects that Love occupied a leased residence.  According to Denny, "[o]n September 28, 2019, [Denny], as an invitee,[2] walked onto Defendant's (sic) premises.  While entering, and going through a gate, [Denny] stepped onto a section of the cement walkway that has a piece missing causing her to lose her balance and fall, injuring her knee and back."  The missing concrete, described as a "chip," exists at the sidewalk's end abutting gravel and bare soil.

As one who passed over that same walkway "almost every day" for eight to nine years, Denny indicated knowledge of its conditions.  She expressly acknowledged during her deposition that she had previously seen the concrete's condition.  Via summary

---

[2] On the limited record we have it appears Denny's fall occurred on an area of leased premises over which Reinemund retained control.  Generally, a landlord does not owe a duty to its tenants or their invitees for dangerous conditions on the leased premises. *Johnson County Sheriff's Posse, Inc. v. Endsley,* 926 S.W.2d 284, 285 (Tex. 1996).  However, if the "landlord retains possession or control of a portion of the leased premises, the landlord is charged with the duty of ordinary care in maintaining the portion retained." *Exxon Corp. v. Tidwell*, 867 S.W.2d 19, 21 (Tex. 1993).  *See also Parker v. Highland Park, Inc.*, 565 S.W.2d 512, 514–15 (Tex. 1978) (holding that the duty a landlord owes its tenants extends to the tenant's guests).  We therefore hold that Reinemund owed Denny the same duty owed their tenant, Denny's mother.

judgment affidavit, Denny stated her personal knowledge about the "crumbling condition" of the walkway:

> As I testified to in my deposition, the broken and crumbling condition of the walkway which caused my fall had been in existence for quite some time. I was not asked at deposition specifically how long the condition existed, but I am certain that said condition had existed for no less than three months.

Denny filed suit in April 2020. Approximately ten months later, Reinemund filed a no-evidence motion for summary judgment. Denny responded with arguments and authorities and attached a copy of her deposition, deposition exhibits, her affidavit with three photographs attached, and Love's affidavit. Without particularization, Reinemund moved to strike the two affidavits as "self-serving and conclusory."

Via order of April 21, 2021, the trial court granted Reinemund's motion for summary judgment. The court also indicated it was partially granting Reinemund's motion to strike, noting without further detail that it "did not consider any of the self-serving and conclusory statements in the affidavits." Denny filed a notice of appeal two days later.

Analysis

*Appellate Jurisdiction*

On our own motion, we first consider our jurisdiction over this appeal. *See Buffalo Royalty Corp. v. Enron Corp.,* 906 S.W.2d 275, 277 (Tex. App.—Amarillo 1995, no writ) (noting our obligation to consider jurisdiction sua sponte). Generally, courts of appeals have jurisdiction only over appeals of final judgments and certain interlocutory orders made immediately appealable by statute. *See* TEX. CIV. PRAC. & REM. CODE ANN.

3

§§ 51.012, 51.014; *De Ayala v. Mackie,* 193 S.W.3d 575, 578 (Tex. 2006) (op. on reh'g) (citing *Lehmann v. Har-Con Corp.,* 39 S.W.3d 191, 195 (Tex. 2001)). A judgment is final for purposes of appeal if it disposes of all pending parties and claims. *Lehmann,* 39 S.W.3d at 195.

Denny's original petition names the Reinemund defendants as the only parties being sued. On April 22, 2020, two days after she filed her original petition, Denny filed a first amended petition; she named her mother, Jackie Love, as a defendant, although the allegations and causes of action appear to be identical in all respects. The record does not reflect that Love was ever served with citation; she did not file an answer. The order granting Reinemund's motion for summary judgment does not contain decretal language disposing of Denny's claim against Love, nor does it contain language expressing its intended finality of all parties and claims.

Although the face of the summary judgment order lacks finality language, *see Lehmann,* 39 S.W.3d at 205, 206, we conclude the summary judgment order is final and appealable. "[A] judgment may be final, even though it does not dispose of all parties named in the petition, if the remaining party was never served with citation and did not file an answer, and nothing in the record indicates that the plaintiff ever expected to obtain service upon the remaining party." *Garcia v. State Farm Lloyds,* 287 S.W.3d 809, 812 (Tex. App.—Corpus Christi 2009, pet. denied) (citing *Youngstown Sheet & Tube Co. v. Penn,* 363 S.W.2d 230, 232 (Tex. 1962)). Eighteen years ago, the Supreme Court of Texas reaffirmed this exception to the ordinary *Lehmann* finality rule. *See M.O. Dental Lab v. Rape,* 139 S.W.3d 671, 674–75 (Tex. 2004) (per curiam) (reaffirming *Penn* following *Lehmann,* 39 S.W.3d at 205–06, and holding that summary judgment was final

4

for appellate purposes despite the absence of language discharging liability against unserved defendant).  Thus, "the case stands as if there had been a discontinuance as to [the unserved party], and the judgment is to be regarded as final for the purposes of appeal."  *Rape,* 139 S.W.3d at 674 (quoting *Penn,* 363 S.W.2d at 232).  Concluding Denny successfully invoked our appellate jurisdiction, we turn to the merits of her appeal.

*Motion to Strike Summary Judgment Evidence*

Denny complains in part that the trial court abused its discretion by sustaining Reinemund's motion to strike part of her affidavits submitted as summary judgment evidence.  It is unnecessary to consider this argument, however, because we find that the grant of summary judgment would be proper even if none of Denny's affidavit evidence had been stricken.  *See* TEX. R. APP. P. 44.1.

*No-evidence Motion for Summary Judgment*

After an adequate time for discovery, a party may file a "no-evidence" motion for summary judgment asserting there is no evidence of one or more essential elements of a claim or defense on which the adverse party would have the burden of proof at trial. TEX. R. CIV. P. 166a(i).  The standards governing our review of no-evidence summary judgments are well-established and need not be reiterated here.  *See Merriman v. XTO Energy, Inc.,* 407 S.W.3d 244, 248 (Tex. 2013).  In our review, we consider the evidence in the light most favorable to Denny, "crediting evidence a reasonable jury could credit and disregarding contrary evidence and inferences unless a reasonable factfinder could not."  *Id.*

5

To prevail on a premises liability claim, an invitee must prove: (1) that the owner or occupier had actual or constructive knowledge of some condition on the premises; (2) that the condition posed an unreasonable risk of harm; (3) that the owner or occupier did not exercise reasonable care to reduce or eliminate the risk; and (4) that the owner or occupier's failure to use reasonable care proximately caused the plaintiff's injuries. *Motel 6 G.P. v. Lopez,* 929 S.W.2d 1, 3 (Tex. 1996) (per curiam). Among its no-evidence grounds, Reinemund asserted, "[Denny] has no evidence that the owner or occupier did not exercise reasonable care to reduce or eliminate the risk." We look then to whether Denny presented any evidence that Reinemund breached its duty of ordinary care.

The Supreme Court of Texas has recently reiterated the relevant law governing this matter. Reinemund's duty to Denny as an invitee was to "make safe or warn against any concealed, unreasonably dangerous conditions of which [it was], or reasonably should [have been], aware," but which Denny was not. *United Supermarkets, LLC v. McIntire*, No. 21-0208, 2022 Tex. LEXIS 543, at *3 (Tex. June 17, 2022) (per curiam) (quoting *United Scaffolding, Inc. v. Levine*, 537 S.W.3d 463, 474 (Tex. 2017)) (brackets in original). In most instances, an owner or occupier satisfies its duty by providing an adequate warning of the danger. *Kennedy v. Wal-Mart Stores Tex., LLC,* No. 03-19-00587-CV, 2020 Tex. App. LEXIS 3402, at *4 (Tex. App.—Austin Apr. 23, 2020, no pet.) (mem. op.). But a premises owner or occupier generally has no duty to warn an invitee of hazards that are open, obvious, or known to the invitee. *See, e.g., Austin v. Kroger Tex., L.P.,* 465 S.W.3d 193, 204 (Tex. 2015). "When an invitee is aware of an unreasonably dangerous condition on the premises, the condition, in most cases, no longer will pose an unreasonable risk because the law presumes that the invitee will take

6

reasonable measures to protect against known risks, which may include a decision not to accept the invitation to enter onto the landowner's premises." *Phillips v. Abraham,* 517 S.W.3d 355, 361 (Tex. App.—Houston [14th Dist.] 2017, no pet.) (citing *Austin,* 465 S.W.3d at 203).

In her summary judgment response, Denny attached portions of her deposition, her affidavit, Love's affidavit, and photographs to discuss the condition of the walkway that allegedly caused her fall. Her submitted evidence makes clear that she was personally aware of the condition of the sidewalk: she passed that way almost daily and averred to her personal knowledge of the sidewalk's "broken and crumbling condition" no less than three months before the accident. Because the walkway's condition was known to Denny prior to her accident, any possible risk to her was not unreasonable as a matter of law. *See Austin*, 465 S.W.3d at 204; *Phillips*, 517 S.W.3d at 361. *See also Brookshire Grocery Co. v. Goss,* 262 S.W.3d 793, 795 (Tex. 2008) (per curiam) (holding that because lowboy cart in cooler was "easily visible" to grocery store employee, employer owed no duty to warn of hazards commonly known or already appreciated by the employee).

The Supreme Court has recognized two instances under which an invitee's awareness of the risk of injury would not relieve the landowner of its duty to make the premises reasonably safe: (1) the "criminal activity exception," and (2) the "necessary-use exception."[3] Denny, however, offered no summary judgment evidence in support of

---

[3] *Austin*, 465 S.W.3d at 204. The necessary-use exception follows the *Parker* line of cases and provides the landowner's duty to make the premises safe is not discharged when "despite an [invitee's] awareness of the risks, it is necessary that the invitee use the dangerous premises and the landowner should have anticipated that the invitee is unable to take measures to avoid the risk." *Austin*, 465 S.W.3d at 208.

the application of either exception.  It is therefore unnecessary to consider these exceptions in the present appeal.

Conclusion

Having found Denny did not meet her no-evidence summary judgment burden of proof, we affirm the summary judgment of the trial court.


Lawrence M. Doss
Justice