Opinion issued April 27, 2006     
     












In The
Court of Appeals
For The
First District of Texas




NO. 01-05-00705-CV




FIRAS KADHUM, Appellant

V.

HOMECOMINGS FINANCIAL NETWORK, INC., DEUTSCHE BANK
TRUST COMPANY AMERICAS F/K/A BANKERS TRUST COMPANY,
and BAXTER & SCHWARTZ, P.C., Appellees




On Appeal from the 269th District Court
Harris County, Texas
Trial Court Cause No. 2004-33914

                                                                                                                           
 
 
MEMORANDUM OPINION
            Appellant, Firas Kadhum, appeals from summary-judgment orders entered in
favor of appellees, Homecomings Financial Network, Inc. (“Homecomings”),
Deutsche Bank Trust Company Americas F/K/A Bankers Trust Company
(“Deutsche”), and Baxter & Schwartz, P.C. (“Baxter”) (hereinafter collectively
referred to as “appellees”). We determine (1) whether Kadhum preserved his
complaints regarding his motion to compel and motion for continuance and (2)
whether the trial court erred in its summary-judgment rulings. We affirm the trial
court’s judgment. 
Background
          In November 2001, Kadhum entered into a home-equity loan agreement (“the
note”) with Homecomings, using 21019 Meadow Hill Drive (“the Meadow Hill
property”) as security for the $224,000 loan. Homecomings later sold the note to
Deutsche. Kadhum stopped making payments. On May 10, 2004, Deutsche filed an
application in the 269th Judicial District Court of Harris County Texas,


 seeking an
expedited foreclosure under Texas Rule of Civil Procedure 736(1) (“the May 2004
proceeding”). See Tex. R. Civ. P. 736(1).
 
          On June 28, 2004, Kadhum filed a “petition contesting the right to foreclose”
against appellees in the 269th District Court of Harris County, Texas, seeking
abatement and dismissal of the May 2004 proceeding under Texas Rule of Civil
Procedure 736(10) (“the June 2004 proceeding”). See Tex. R. Civ. P. 736(10). In his
petition, Kadhum contested Deutsche’s right to foreclosure because (1) the co-owner
of the homestead, Joellie Shawnlet Regan, was protected under the Soldiers and
Sailors Act;


 (2) Homecomings breached the contract because it did not have
permission to sell the note, did not provide prior notice of its sale, and did not pay
Kadhum consideration for the sale of Kadhum’s note to Deutsche; (3) appellees
violated the Fair Debt Collection Practices Act (“FDCPA”)


 because they did not
provide Kadhum with verification of debt and included false evidence in their
pleadings; and (4) Deutsche committed fraud by instituting foreclosure proceedings. 
The trial court abated Deutsche’s application for foreclosure in the May 2004
proceeding.
          On March 23, 2005, Kadhum served requests for admissions on appellees in
the June 2004 proceeding. On April 11, 2005, appellees objected to Kadhum’s
discovery requests because they were untimely. The requests for admissions to
Deutsche were not served until March 23, 2005, and the request seeking to audit
Deutsche was not served until April 4, 2005. The discovery period ended April 2,
2005. The trial date was set for May 2, 2005. 
          On April 11, 2005, appellees filed motions for summary judgment in the June
2004 proceeding. On April 15, 2005, Kadhum filed a verified motion for continuance
to obtain full discovery. The trial court granted appellees’ motions for summary
judgment on June 23, 2005. On July 8, 2005, Kadhum filed a motion for
reconsideration, requesting that the trial court vacate its summary-judgment orders. 
On July 21, 2005, the trial court expressly denied Kadhum’s motion for
reconsideration. On July 22, 2005, Kadhum filed his notice of appeal of the summary
judgment orders in the June 2004 proceeding.
Motion to Compel
          In his first point of error, Kadhum argues that he was “unable to obtain
complete discovery [because] Appellees hid evidence and provided incomplete
records.” Specifically, Kadhum argues that he “filed motions to compel answers to
[his requests for admissions] and that the [trial court] never ruled on them during or
after the hearing.” 
          The record does not reflect that Kadhum filed a motion to compel, nor does
Kadhum cite to the clerk’s record indicating that any such motion to compel was
filed. Because the record does not show that a motion to compel was presented to the
trial court or ruled on,


 any possible error is not preserved for review. See Tex. R.
App. P. 33.1(a); see Bushell v. Dean, 803 S.W.2d 711, 712 (Tex. 1991).
          We overrule Kadhum’s first point of error. 
Motion for Continuance
          In his second point of error, Kadhum argues that he was “not given sufficient
opportunity for discovery and Appellees were uncooperative for purposes of no-evidence summary judgment rule.” Specifically, he argues that the trial court erred
because it did not rule on his motion for continuance. 
          Although Kadhum filed a motion for continuance, he neither requested a
hearing on the matter nor obtained a ruling from the trial court. A party moving for
continuance of a summary-judgment hearing must obtain a written ruling on its
motion in order to preserve a complaint for appellate review. See Tex. R. App. P.
33.1; Mitchell v. Bank of Am., N.A., 156 S.W.3d 622, 625–26 (Tex. App.—Dallas
2004, pet. denied); see also Ross v. State, 133 S.W.3d 618, 628 (Tex. Crim. App.
2004). Because Kadhum did not obtain a written ruling on his motion for
continuance, he failed to preserve this complaint for appellate review. See Tex. R.
App. P. 33.1.
          Moreover, even if the trial court can be deemed to have implicitly overruled
Kadhum’s continuance motion, the decision to grant or to deny a motion for
continuance is within the trial court’s discretion, and such determination will be
reversed only upon a showing of a clear abuse of discretion. Retzlaff v. Texas Dep’t
of Criminal Justice, 135 S.W.3d 731, 745 (Tex. App.—Houston [1st Dist.] 2003, no
pet.); see State v. Wood Oil Distrib., Inc., 751 S.W.2d 863, 865 (Tex. 1988). A trial
court abuses its discretion when it acts without reference to any guiding rules or
principles. Downer v. Aquamarine Operators, Inc., 701 S.W.2d 238, 241–42 (Tex.
1985). 
          A party may move for a no-evidence summary judgment after adequate time
for discovery has passed. Tex. R. Civ. P. 166a(i); Specialty Retailers, Inc. v. Fuqua,
29 S.W.3d 140, 145 (Tex. App.—Houston [14th Dist.] 2000, pet. denied). “Adequate
time” is determined by the nature of the cause of action, the evidence necessary to
controvert the no-evidence motion, and the length of time that the case has been
active. Id. A court may also look to factors such as the amount of time that the
no-evidence motion has been on file, whether the movant has requested stricter time
deadlines for discovery, the amount of discovery that has already taken place, and
whether the discovery deadlines that are in place are specific or vague. Id.; McMahan
v. Greenwood, 108 S.W.3d 467, 498 (Tex. App.—Houston [14th Dist.] 2003, pet.
denied).
          Here, appellees objected to Kadhum’s request for admissions, because
Deutsche was not served until March 23, 2005, 10 days before the discovery period
ended,


 and objected to Kadhum’s request to audit Deutsche because it was not served
until April 4, 2005, two days after the discovery period had ended. Kadhum filed his
motion for continuance on April 15, 2005.


 
          Kadhum’s motion for continuance stated that, if Kadhum’s request for
continuance was granted, he would be able to show that material fact issues existed. 
In his motion for continuance, Kadhum specifically contended that the depositions
of the officers of Homecomings and Deutsche were material to show whether
Homecomings had performed according to the agreement and whether Deutsche had
verified Homecomings’s compliance with contract provisions.


 On June 23, 2005,
the trial court signed two separate orders granting appellees’ motions for summary
judgment.    
          Given the length of time that this case had been pending on the trial court’s
docket


 and the late dates on which Kadhum’s discovery requests were served, we
could not say that the trial court abused its discretion in refusing to grant Kadhum’s
request for a continuance were we to reach the merits of this point of error. See Wood
Oil Distrib., Inc., 751 S.W.2d at 865 (holding that trial court does not abuse its
discretion in denying motion for continuance when movant fails to pursue discovery
diligently); Tex. R. Civ. P. 198.1.
          We overrule Kadhum’s second point of error.                   
Summary Judgment
          In his third, fourth, fifth, sixth, and seventh points of error, Kadhum argues that
the trial court erred in granting appellees’ motions for summary judgment.
A.      Standard of Review
          The propriety of summary judgment is a question of law, and we thus review
the trial court’s ruling de novo. Provident Life & Accident Ins. Co. v. Knott, 128
S.W.3d 211, 215 (Tex. 2003). In reviewing a summary judgment, evidence favorable
to the non-movant is taken as true, and all reasonable inferences are indulged in the
non-movant’s favor. Johnson County Sheriff’s Posse v. Endsley, 926 S.W.2d 284,
285 (Tex. 1996). When a summary-judgment order does not state the grounds upon
which it was granted, the summary judgment may be affirmed on any of the movant’s
theories that has merit. Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d 623, 627 (Tex.
1996); Carr v. Brasher, 776 S.W.2d 567, 569 (Tex. 1989). In such a situation,
appellate courts should consider all grounds for summary judgment that the movant
presented to the trial court when they are properly preserved for appeal. Cincinnati
Life Ins. Co., 927 S.W.2d at 625. Thus, to prevail, the party appealing from such an
order must show that each of the independent arguments alleged in the motion is
insufficient to support the order. Tilotta v. Goodall, 752 S.W.2d 160, 161 (Tex.
App.—Houston [1st Dist.] 1988, writ denied); McCrea v. Cubilla Condo. Corp., 685
S.W.2d 755, 757 (Tex. App.—Houston [1st Dist.] 1985, writ ref’d n.r.e.).
 
 
B.      The Nature of the Summary-Judgment Motions
          Appellees styled their motions for summary judgment as “no-evidence”
motions. Rule 166a(i) of the Rules of Civil Procedure provides that “[t]he motion
must state the elements as to which there is no evidence.” Tex. R. Civ. P. 166a(i). 
The comment to rule 166a(i), which is intended to inform the construction and
application of the rule, states, “The motion must be specific in challenging the
evidentiary support for an element of a claim or defense; paragraph (i) does not
authorize conclusory motions or general no-evidence challenges to an opponent’s
case.” Tex. R. Civ. P. 166a, 1997 Comment. Thus, a no-evidence summary-judgment motion must explicitly assert that there is no evidence of one or more
specifically identified elements of the opponent’s claim. See Johnson v. Felts, 140
S.W.3d 702, 706 (Tex. App.—Houston [14th Dist.] 2004, pet. denied); Cmty.
Initiatives, Inc. v. Chase Bank of Tex., 153 S.W.3d 270, 279–80 (Tex. App.—El Paso
2004, no pet.). An appellate court cannot read between the lines, infer, or glean from
the pleadings or proof any grounds for summary judgment other than those grounds
expressly set forth before the trial court in the motion. Cf. McConnell v. Southside
Indep. Sch. Dist., 858 S.W.2d 337, 343 (Tex. 1993); Johnson, 140 S.W.3d at 706.
          A no-evidence motion for summary judgment that does not “challenge a
specific element of [the non-movant’s] claim” is not reviewed as a no-evidence
motion. Weaver v. Highlands Ins. Co., 4 S.W.3d 826, 829 n.2 (Tex. App.—Houston
[1st Dist.] 1999, no pet.). When a no-evidence motion for summary judgment does
not specifically state which elements lack evidence, the motion should be treated as
a motion for a 166a(c) summary judgment. Amouri v. Southwest Toyota, Inc., 20
S.W.3d 165, 168 (Tex. App.—Texarkana 2000, pet. denied).       
          Here, appellees stated in their motions that no evidence supported any of the
elements of any of Kadhum’s causes of action.


 This statement is conclusory and thus
insufficient to meet rule 166a(i)’s requirements. See Johnson, 140 S.W.3d at 706. 
However, appellees also contended in their motions for summary judgment that, as
a matter of law, Kadhum could not establish breach of contract because the security
instrument provided for the sale of the note and change of loan-service provider.


 
We therefore construe appellees’ motions for summary judgment as motions for
traditional summary judgment, in part, on the above-stated ground. 
C.      Breach of Contract        
          In his fourth point of error, Kadhum argues that “[t]he evidence is factually
sufficient to support a verdict of breach of contract by Homecomings.” We interpret
this as an argument that fact issues precluded summary judgment.
          The elements of a breach of contract are that (1) the plaintiff and defendant had
a valid, enforceable contract; (2) the plaintiff performed or tendered performance of
his contractual obligations; (3) the defendant breached the contract; and (4) the
defendant’s breach caused the plaintiff’s injuries. Wright v. Christian & Smith, 950
S.W.2d 411, 412 (Tex. App.—Houston [1st Dist.] 1997, no writ).
          Kadhum alleged that Homecomings breached the contract because it did not
have permission to sell the note and did not provide notice of the sale of the note. 
However, Homecomings attached the security agreement to its motion for summary
judgment. That note stated in part that “[t]he note or a partial interest in the Note
(together with this Security Instrument) may be sold one or more times without prior
notice to Borrower.” Kadhum produced no evidence to controvert the security
agreement produced by Homecomings. Accordingly, Homecomings conclusively
disproved at least one element of Kadhum’s claim that Homecomings breached the
contract because it did not have permission to sell the note and because it did not
provide notice of the sale of the note. Therefore, we hold that the trial court did not
err in rendering summary judgment for Homecomings on Kadhum’s cause of action
against it for breach of contract.
          We overrule Kadhum’s fourth point of error.D.Inadequately Briefed Points of Error
          In his fifth point of error, Kadhum asserts that “[t]he evidence is factually
sufficient to prove Lack [sic] of consideration.” In his sixth point of error, Kadhum
asserts that “[t]he evidence is factually sufficient to show Fraud in the Factum.” In
his seventh point of error, Kadhum asserts that “[t]he evidence is factually sufficient
to prove the debt Collector [sic] did not adhere to Fair Debt Collection Practices Act.”
          Kadhum offers no argument or citations to the record or to authority. We do
not consider these points of error because Kadhum has inadequately briefed them. 
See Tex. R. App. P. 38.1(h); Franz v. Katy Indep. Sch. Dist., 35 S.W.3d 749, 755
(Tex. App.—Houston [1st Dist.] 2000, no pet.). 
          We overrule Kadhum’s fifth, sixth, and seventh points of error.
Unchallenged Ruling
          Appellees moved for rule 166a(c) summary judgment against Kadhum’s
breach-of-contract claim on the ground that Homecomings had permission to sell the
note and did not have an obligation to provide notice of the sale of the note.
Appellees did not request summary-judgment relief against Kadhum’s claims for
protection under the Soldiers and Sailors Act. Nonetheless, the trial court’s June 23,
2005 summary-judgment orders recited that “Plaintiff take nothing by his suit.”
          It is well-established that a summary judgment can be granted only on the
grounds addressed in the motion for summary judgment. See Postive Feed, Inc. v.
Guthmann, 4 S.W.3d 879, 881 (Tex. App.—Houston [1st Dist.] 1999, no pet.);
Blancett v. Lagniappe Ventures, Inc., 177 S.W.3d 584, 592 (Tex. App.—Houston [1st
Dist.] 2005, no pet.). A summary judgment granting more relief than that that a party
has requested is subject to reversal, but it is not, for that reason alone, interlocutory. 
Lehmann v. Har-Con Corp., 39 S.W.3d 191, 200 (Tex. 2001). In circumstances in
which the trial court grants more relief than was requested, the order must be
appealed and can be reversed on that basis. Id. at 206. In his brief on appeal,
however, Kadhum asserts no challenges relating to the trial court’s granting of more
relief than requested in appellees’ summary-judgment motions. Therefore, we affirm
those portions of the summary-judgment orders disposing of Kadhum’s claim against
appellees for protection under the Soldiers and Sailors Act. See Walling v. Metcalfe,
863 S.W.2d 56, 58 (Tex. 1993); Garcia v. Nat’l Eligibility Express, Inc., 4 S.W.3d
887, 889 (Tex. App.—Houston [1st Dist.] 1999, no pet.).
Conclusion
          We affirm the judgment of the trial court.
 
 
                                                             Tim Taft
                                                             Justice
 
Panel consists of Justices Taft, Higley, and Bland.